618 P.2d 634

**In re the Marriage of Judith LaChance GUFFEY, Petitioner–Appellant,**

v.

**James G. LaCHANCE, Respondent–Appellee.**

**No. 1 CA–CIV 4581.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 26, 1980.

Rehearing Denied Oct. 15, 1980.

Review Denied Oct. 28, 1980.

Stewart & McLean, Ltd. by William H. McLean, Phoenix, for petitioner–appellant.

Henry J. Florence, Ltd. by Charles K. Ledsky, Phoenix, and Kreisner & Howard, by Peter M. Kreisner, Austin, for respondent–appellee.

## OPINION

DONOFRIO, Judge.

This is an appeal by a former wife of a retired Air Force officer from an adverse ruling involving her rights in his Air Force Retirement Pension which was not disposed of in the original decree of divorce.

Appellant/former wife filed a petition to modify the divorce decree which had been entered some 7½ years previously. The petition sought to have the trial court declare that she was entitled to a proportionate share of her former husband's military retirement benefits.[1]

The parties were married on September 18, 1954 and were divorced by decree filed on December 22, 1969. At all times during their marriage appellee/husband was an officer in the United States Air Force, and they were domiciled in a community property state. No reference was made in the divorce decree to the retirement pension, nor did appellant assert any claim to the pension until her petition to modify was filed herein. The retirement pension had not vested at the time of the divorce, and the husband had expressly stated that it was his intention to remain in the Air Force until his pension vested. Appellee retired on April 30, 1973 after 20 years service and has since regularly received his monthly pension check.

Appellant's petition for modification asserts that at the time of the entry of the divorce decree the parties owned, as community property, a non–vested pension right by reason of the appellee's employment in the Air Fore for over 15 years during their married life; that thereafter, he completed his term of 20 years; that he received and is receiving the military pension; and that she is entitled to her proportionate share which is one–half of 75% of what he receives. Her claim is based under A.R.S. § 25–318(D) (now repealed), as it existed at the time of the divorce. The section provided:

> "D. The community property for which no provision is made in the judgment shall be from the date of judgment held by the parties as tenants in common, each possessed of an undivided one–half interest therein."

She claims that the Arizona courts have interpreted this statute to require, by oper-

---

1. Appellant's petition asked that the original divorce decree be modified to award her one–half of 75% of the Air Force retirement pension as well as a judgment for said sum from the date that said right vested to the date of modification. The current retirement pay is $1,288.32 and is based on 21 years of active service.

ation of law, that, "[W]hen there is no decree or judgment on the point [distribution of a property interest], the decided weight of authority is that the former spouses hold the property as tenants in common . . . ." *Le Baron v. Le Baron*, 23 Ariz. 560 at 564, 205 P. 910 at 912 (1922), and that in *Van Loan v. Van Loan*, 116 Ariz. 272, 569 P.2d 214 (1977), our Supreme Court stated:

"... [a]n employee, and thereby the community, does indeed acquire a property right in unvested pension benefits upon performance under the contract. Thus, to the extent that such a property right is earned through community effort, it is property divisible by the court upon dissolution of the marriage, 116 Ariz. at 274, 569 P.2d at 216.

Based upon this reasoning, appellant contends that since the pension benefits earned during the marriage were community property that could have been divided by the court, and since there was no express provision in the decree at the time dividing same, the pension benefits were divided by operation of law and thereafter held by the parties as tenants in common, each possessing an undivided ½ interest under A.R.S. § 25–318(D).

 Our analysis of this case reveals that one crucial question is determinative of the appeal, whether the rule in *Van Loan* that the community acquires a property right in unvested pension benefits should be given retrospective effect. This issue was ruled upon by Division Two of this court in the case of *Reed v. Reed*, 124 Ariz. 384, 604 P.2d 648 (App.1979).[2]

In *Reed, supra*, the divorce decree failed to dispose of military pension benefits which the husband was receiving at the time of the divorce. The wife later on filed a petition asserting that the benefits were held by the parties as tenants in common and prayed for one–half of the benefits. The trial court found for her and Mr. Reed appealed. Division Two of this court by majority opinion reversed the trial court stating:

**2.** In *Reed v. Reed, supra*, the rehearing was denied on December 12, 1979 and review was

"Although *Everson v. Everson*, 24 Ariz. App. 239, 537 P.2d 624 (1975) held that any portion of a pension plan earned during marriage is community property, it was not until *Van Loan v. Van Loan*, 116 Ariz. 272, 569 P.2d 214 (1977) that the court squarely held non–vested military benefits attributable to community effort are community property. The final decree in this case was entered prior to *Everson* and *Van Loan*.

\* \* \* \* \* \*

There is a compelling policy interest favoring the finality of property settlements. *Peste v. Peste*, 1 Wash.App. 19, 459 P.2d 70 (1969). This policy interest would be greatly undermined if the court were to create the potential for reexamination of every military divorce prior to *Everson* and *Van Loan*. See *Martin v. Martin*, 20 Wash.App. 686, 581 P.2d 1085 (1978). We therefore hold that *Everson* and *Van Loan* should not be given a retrospective effect." 604 P.2d at 649.

As in *Reed* the final decree in this case was entered prior to *Everson* and *Van Loan*, and in both the *Reed* case and the instant case all parties knew of the existence of the military benefits at the time of the divorce decree.

 We agree with the reasoning in *Reed* and hold that the decree of divorce filed on December 22, 1969, which was silent as to the division of the non–vested military benefits that both parties were aware of at the time, cannot now be reopened under the authority of *Van Loan*.

Appellant has also urged other issues and theories, including the imposition of a constructive trust, which were not accepted by the trial court. Inasmuch as our decision turned upon the retroactivity of *Van Loan*, we need not discuss these other issues.

The order of the trial court of July 21, 1978 denying appellant's petition to modify is affirmed.

JACOBSON, P. J., and OGG, J., concur.

denied by the Supreme Court on January 3, 1980.