**Meriel M. HACKING, Plaintiff and Respondent,**

v.

**Rulon C. HACKING, Defendant and Appellant.**

No. 16821.

Supreme Court of Utah.

Nov. 5, 1980.

Jackson Howard of Howard, Lewis & Petersen, Provo, for defendant and appellant.

Arthur H. Nielsen, Clark R. Nielsen, Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

This is an appeal by Defendant Rulon C. Hacking from the Fourth District Court's distribution of marital assets following the granting of a decree of divorce to Plaintiff Meriel M. Hacking.

The parties were married in 1950. After approximately 27 years of marriage and the birth of five children, plaintiff filed for divorce on the grounds of mental cruelty. The divorce was granted on March 22, 1979, with trial on the issues of property distribution, alimony and child support reserved for a later date. The trial was held on April 17, and August 16, 1979.

On October 10, 1979, amended findings of fact and conclusions of law and an amended judgment were entered. Plaintiff was awarded certain items of personal property and defendant was awarded an ongoing business owned by him but which he started after the parties had separated. Certain properties were ordered sold and the proceeds realized were to be divided equally. The portion of the judgment which has precipitated this appeal relates to a ranch and other real property and certain grazing leases. The District Court awarded a one–

half interest in these properties to each party as tenants in common. The order reflects that the ranch shall be operated by the parties' oldest son, Mitchell, and that all management decisions relating to the operation of the ranch shall be decided by the joint vote of the parties with Mitchell having a vote in case the parties cannot agree. The order further provides that if the plaintiff and defendant are unable to agree on the operation of the ranch, either or both may petition the Court for a partition of the property.

On appeal defendant characterizes the award of one–half of the property to each party as tenants in common as the "imposition of an involuntary partnership" on him. Specifically, he maintains that the property distribution amounted to an abuse of discretion by the Court.

It is, of course, a cardinal rule of review concerning the division of marital property that the District Court has wide discretion in fashioning such a division, and the Court's findings will not be disturbed unless the record clearly indicates an abuse of that discretion.[1]

Defendant cites prior decisions of this Court for the proposition that in making a property division, the District Court should do so with an eye to insuring that the division will permit the parties to reconstruct their lives on a happy and useful basis.[2] Defendant contends that he, at least, is unhappy with the property division ordered by the District Court.

This Court has heretofore affirmed property divisions which included awards of one–half of the property to each party and the award of property as tenants in common.[3] The property division here requires that the parties cooperate to the extent of allowing the ranching operation to continue as a going concern. And while it may be true that the chances of friction and perhaps even animosity are somewhat higher in a situation such as this where a tenancy in common is decreed, we are unable to find anything in the record to suggest that the District Court abused its discretion in making the division here.

As defendant has failed to meet his burden on appeal to show that the District Court's findings and order are in error[4] or that there was an abuse of discretion,[5] the judgment is affirmed.

Costs to plaintiff. Each party to bear his or her own attorney's fees for this appeal.

CROCKETT, C. J., HALL and STEWART, JJ., and H. MAURICE HARDING, Retired District Judge, concur.

MAUGHAN, J., does not participate herein.

1. See, e. g., *Fletcher v. Fletcher*, Utah, 615 P.2d 1218 (1980); *Jesperson v. Jesperson*, Utah, 610 P.2d 326 (1980); *Kerr v. Kerr*, Utah, 610 P.2d 1380 (1980); *Searle v. Searle*, Utah, 522 P.2d 697 (1974).

2. *Read v. Read*, Utah, 594 P.2d 871 (1979); *Gramme v. Gramme*, Utah, 587 P.2d 144 (1978); *DeRose v. DeRose*, 19 Utah 2d 77, 426 P.2d 221 (1967).

3. See, e. g., *Searle v. Searle*, supra, n. 1; *English v. English*, Utah, 565 P.2d 409 (1977); *Naylor v. Naylor*, Utah, 563 P.2d 184 (1977).

4. *Stone v. Stone*, 19 Utah 2d 378, 431 P.2d 802 (1967).

5. *Mitchell v. Mitchell*, Utah, 527 P.2d 1359 (1974).