Dallas Eugene JACOBSEN, Plaintiff and Appellant,

v.

Mary Eula JACOBSEN, Defendant and Respondent.

No. 19187.

Supreme Court of Utah.

July 18, 1985.

Ronald W. Perkins, Ogden, for plaintiff and appellant.

Jo Ann B. Stringham, Vernal, for defendant and respondent.

DURHAM, Justice:

The plaintiff and the defendant in this case were husband and wife until they were divorced in 1977. This was Mr. Jacobsen's second marriage. In 1972, his first wife obtained a judgment against Mr. Jacobsen for child support. Prior to that judgment, Mr. Jacobsen, in 1971, had conveyed by quitclaim deed his interest in a parcel of property to his second wife, Mary Jacobsen ("Mrs. Jacobsen"), the defendant in this case. This property was originally purchased in 1969 by Mr. and Mrs. Jacobsen and held as joint tenants until that conveyance. Mr. Jacobsen claims in this current action that Mrs. Jacobsen orally agreed to reconvey one-half interest in the property back to Mr. Jacobsen once the litigation with his first wife was resolved. The trial court found that Mr. Jacobsen's action was barred by the statute of limitations and the doctrine of res judicata and granted Mrs. Jacobsen's motion for summary judgment. We affirm.

Since Mr. Jacobsen's conveyance of his interest to Mrs. Jacobsen in 1971, the property at issue has been the subject of the following litigation. In 1973, Mr. and Mrs. Jacobsen were named as defendants in an action over the title to part of the property. *Nash v. Jacobsen*, Civil No. 7012 (District Court of Unitah County, Aug. 14, 1975). Mr. Jacobsen was dismissed from that case based on his representation that he had no interest in the property. The entire action was subsequently dismissed, and Mrs. Jacobsen was awarded the property by a court order in 1975. In 1977, Mrs. Jacobsen commenced a divorce action against Mr. Jacobsen. A divorce decree was entered based upon a stipulated property settlement. In that stipulation, Mr. Jacobsen granted to Mrs. Jacobsen all the property they had accumulated during their marriage except for a pickup truck.

In this action, Mr. Jacobsen alleged in his complaint that Mrs. Jacobsen induced him to sign the property settlement stipulation upon the express condition that she would reconvey to Mr. Jacobsen a one-half interest in the real property that is the subject of this suit, after Mr. Jacobsen. had resolved all matters with his first wife. Accordingly, Mr. Jacobsen brought this action to require reconveyance of the property. Mrs. Jacobsen opposed the action by filing a motion for summary judgment, and the lower court granted that motion concluding that Mr. Jacobsen's action was barred by the statute of limitations and the doctrine of res judicata. The court also found that Mr. Jacobsen's action was not brought in good faith and awarded Mrs. Jacobsen legal fees pursuant to U.C.A., 1953, § 78–27–56 (Supp.1983).

On appeal, Mr. Jacobsen challenges the trial judge's application of res judicata and the statute of limitations and asserts that the trial court erred in granting summary judgment because material issues of fact existed.

The trial judge made the following findings of fact concerning the application of the doctrine of res judicata:

> Plaintiff had knowledge of the situation for considerable time preceeding 1977 and after the granting of the divorce in 1977.
>
> Plaintiff stipulated and agreed in 1977 at the time of the divorce, to the granting of these properties to the defendant and further more [sic] the defendant assumed considerable obligations in return for receiving these properties.
>
> Plaintiff also disclaimed these properties in the case of *Nash v. Jacobsen.*

The trial judge then concluded:

> The matter is ... barred by the Doctrine of Res Judicata based upon the

Divorce Decree entered in 1977, Civil No. 9225 and the case of *Nash v. Jacobsen,* Civil No. 7012.

Mr. Jacobsen asserts that this conclusion was error and argues that res judicata does not apply, and that he has properly brought an independent action to attack the divorce decree because he had no reason to suspect that Mrs. Jacobsen would not convey an interest to him until September 1981. We, however, agree with the trial judge that the doctrine of res judicata does bar the action.

We have said:

> When there has been an adjudication, it becomes res judicata as to those issues which were either tried and determined, or upon all issues which the party had a fair opportunity to present and have determined in the other proceeding.

*Mendenhall v. Kingston,* Utah, 610 P.2d 1287, 1289 (1980) (footnote omitted). This principle also applies in the context of a divorce decree.

> This Court is clearly committed to the proposition that in order to modify a prior decree the moving party must show a substantial change of circumstances. In the absence of such a showing, the decree shall not be modified and the matters previously litigated and incorporated therein cannot be collaterally attacked in face of the doctrine of res judicata.

*Kessimakis v. Kessimakis,* Utah, 580 P.2d 1090, 1091 (1978) (footnotes omitted). We find support in the record for the trial judge's findings of fact. Mr. Jacobsen had ample opportunity to have his interest in the real property determined in the two prior actions concerning the property. Mr. Jacobsen was a party to each of the prior actions, and he knew that ownership of the property was being determined by each action. Consequently, we agree with the trial court's conclusion that this action is barred by res judicata. Furthermore, no showing was made to support a claim for modification based on changed circumstances.

Mr. Jacobsen's reliance on *Egan v. Egan,* Utah, 560 P.2d 704 (1977), to support his argument that the trial court erred in applying the doctrine of res judicata is misplaced. In that case, we approved the lower court's modification of a provision of a divorce decree concerning paternity. During the divorce proceedings, Mrs. Egan was pregnant. After the child's birth, conclusive evidence was deduced that proved Mr. Egan was not the child's father. This proof consisted of blood group examinations which were not available until after the child's birth. There we upheld the trial court's conclusion that mistake of fact may be grounds to grant relief from a divorce decree. Mr. Jacobsen's present action is not a case of mistake of fact. Mr. Jacobsen was well aware "of the situation for considerable time preceeding 1977 and after granting of the divorce in 1977." This included full knowledge of and participation in the two previous actions described above.

Because we agree with the trial judge's conclusion that the doctrine of res judicata bars Mr. Jacobsen from pursuing this action, we conclude that it is unnecessary for us to examine his assertion that the trial judge erroneously concluded that the statute of limitations barred his claim.

In addition, we disagree with Mr. Jacobsen's argument that the lower court erred in granting summary judgment when material issues of fact existed. Mr. Jacobsen's counsel correctly states the law concerning summary judgment, but he fails to refer the court to any facts that are in issue. Our independent examination of the record does not reveal any genuine issue of material fact relevant to the conclusion that this action is barred by res judicata. Consequently, this argument is meritless.

We also do not disturb the trial judge's finding that this action was not brought in good faith. Mr. Jacobsen does not challenge this finding in his brief, nor the conclusion that he should be liable for Mrs. Jacobsen's costs and legal fees pursuant to section 78–27–56. Accordingly, we affirm the trial judge's findings of fact and conclusions of law, and order Mr. Jacobsen to

pay Mrs. Jacobsen's costs and attorney fees on appeal.

HALL, C.J., and HOWE and ZIMMERMAN, JJ., concur.

STEWART, J., dissents.