**Laura THOMPSON, Plaintiff and Respondent,**

**v.**

**Brent THOMPSON, Defendant and Appellant.**

**No. 19059.**

Supreme Court of Utah.

Oct. 30, 1985.

James A. McIntyre, Salt Lake City, for defendant and appellant.

J. David Nelson, Murray, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from a modification order that he pay a bank loan incurred by him shortly before his 1982 divorce from the plaintiff.

In December 1981, before the divorce, defendant gave a promissory note to United Bank partially secured by a 1977 truck in the possession of his wife, plaintiff Laura Thompson. The following month, the truck was sold and a Datsun automobile was purchased to provide transportation for plaintiff. The bank released its lien on the truck and added the Datsun as collateral for the loan. In addition, Mrs. Thompson was then required to cosign on the note. Defendant made an initial $940 payment on the note but refused to make any further payment, claiming the financial obligation belonged to plaintiff because some of the money was used to purchase her car.

The trial court entered a divorce decree in March 1983, allocating various assets and liabilities between the parties. For some unexplained reason, the loan and automobile were not brought to the court's attention. The decree and findings are silent regarding the specific responsibility for payment of the loan. When the bank later advised plaintiff that she would have to make the payments or lose the car, she petitioned the court to modify the original decree for the purpose of requiring defendant to pay the loan. After hearing the testimony of the parties and the bank officer, the trial court found that the obligation was not considered at the time of the divorce and, therefore, the decree should be modified to require defendant to pay the full amount on the note. We affirm.

Both parties agree as to the considerable and broad discretion we accord the trial court in disposing of the marital property, including attendant obligations. U.C.A., 1953, § 30-3-5, as amended. Defendant disagrees on the manner in which that discretion was exercised in this instance. On appeal, we have broad equitable powers and are not necessarily bound or limited by the trial court's findings. While we may review the evidence and actions of that court, we do not do so lightly but give a presumption of validity to its ruling. *Boals v. Boals*, Utah, 664 P.2d

1191 (1983). Defendant must show that the evidence clearly preponderates against the findings or that the trial court has abused its discretion. *Fletcher v. Fletcher,* Utah, 615 P.2d 1218 (1980); *Turner v. Turner,* Utah, 649 P.2d 6 (1982).

■ This is not a modification of an existing provision in the decree, but a modification to meet the need created by the absence of a provision. The party seeking a modification of the decree must demonstrate to the court below that a substantial change in circumstances has occurred since the entry of the decree. *Adams v. Adams,* Utah, 593 P.2d 147 (1979); *Haslem v. Haslem,* Utah, 657 P.2d 757 (1982). While the trial court did not specifically state that there was "substantial change of circumstance," its findings and the supporting evidence are sufficient indicia in this case that such a substantial change had taken place since the decree, which was not within the original contemplation of the parties or the court at the time the original decree was rendered. *Cf. Stettler v. Stettler,* 18 Utah Adv.Rep. 15 (September 20, 1985). It is clear the Court so found. Considering all the relevant factors, the record below supports a finding of substantial change of circumstance and the modification made by the trial court.

The original United Bank loan was taken out by Mr. Thompson before the purchase of plaintiff's automobile. Plaintiff's Datsun was added as collateral to replace the truck which had been sold. Mrs. Thompson cosigned on the loan at the request of the bank. However, the bank expected Mr. Thompson to make the payments. Defendant's suggestion is true that the parties knew of the loan when the decree was entered. But, it is also obvious that at that time defendant was considered primarily responsible for its payment. Mrs. Thompson testified that defendant promised her he would take care of the payments. Defendant did prepay five months thereon. His later refusal to make further payment certainly created a sufficient change of circumstance to justify the court's exercise of its continuing discretion by allocating the responsibility for the debt between the two parties.

■ Defendant fails in his burden to show that the evidence preponderates against the ruling below. He does not show any abuse of discretion or manifest injustice in the order, and we find none. The mere presence of conflicting evidence concerning disputed facts does not constitute grounds for reversal when the findings and order are supported by the evidence.

Modification of the divorce decree to require defendant to pay the obligation owing to United Bank is affirmed.

STEWART, J., concurs in the result.