**Hugh P. Vonzell RUHSAM, Sr.,
Plaintiff and Respondent,**

v.

**Janet Elizabeth RUHSAM, Defendant
and Appellant.**

No. 860128–CA.

Court of Appeals of Utah.

Sept. 11, 1987.

B.L. Dart, John D. Parken, Salt Lake City, for defendant and appellant.

Pete N. Vlahos, Vlahos & Sharp, Ogden, for plaintiff and respondent.

## OPINION

Before GREENWOOD, GARFF and BENCH, JJ.

GREENWOOD, Judge:

Defendant wife appeals the trial court's property distribution and alimony award in the divorce action between the parties. We reverse and remand.

The parties were married for approximately fourteen years. Both had prior marriages. No children were born to the couple. Defendant, 49 at the time of trial, was a beautician before the marriage and, with the concurrence of plaintiff, gave up her work to travel with plaintiff who was

in the air force. She was a salesperson for Avon Products during part of the marriage and earned $1,600.00 in 1984 and $3,600.00 in 1985. She had undergone cancer surgery and had experienced jaw and teeth problems. Plaintiff at the time of trial was 56, received $2,941.00 per month in air force retirement and $2,915.00 per month salary at his current job.

After trial, the judge awarded defendant $600.00 per month alimony, 15.55% of plaintiff's retirement benefits (approximately $457.00 per month for defendant), and half of the proceeds from the sale of the parties' homes. Further, the court ordered that the parties alternate every six months occupying and trying to sell one of their homes. Finally, the court directed the parties to divide miscellaneous personal property (mostly household furnishings) by alternately choosing items from a list of the property. Other assets were awarded, variously, to plaintiff and defendant.

## I.

### REAL PROPERTY

Defendant's first claim of error is that the trial court abused its discretion in ordering that the parties alternate every six months occupying and trying to sell their primary residence. Defendant claims that the vacillation of occupancy and right to sell the residence with no specification of acceptable terms is senseless, serves no useful purpose and will cost the parties a great deal of money. She also claims that alternating occupancy and vesting in one party the right to control the sale of the residence without the concurrence of the other or any limitation on the sales terms would likely cause antagonism between the parties. Consequently, she asserts, the court's order is an abuse of discretion.

It is well established that in divorces trial courts are given considerable discretion in adjusting the parties' financial and property interests, and their actions are entitled to a presumption of validity. *Burnham v. Burnham*, 716 P.2d 781, 782 (Utah 1986); *Savage v. Savage*, 658 P.2d 1201, 1203 (Utah 1983). To overcome the presumption, the appealing party must demonstrate

that "there was a misunderstanding or misapplication of the law resulting in substantial and prejudicial error; or the evidence clearly preponderated against the findings; or such a serious inequity has resulted as to manifest a clear abuse of discretion." *Pope v. Pope*, 589 P.2d 752, 753 (Utah 1978); *see also Eames v. Eames*, 735 P.2d 395, 397 (Utah App.1987); *Boyle v. Boyle*, 735 P.2d 669, 670–71 (Utah App.1987).

The Utah Supreme Court has stated that trial courts, in exercising their discretion in divorce actions, "need be guided by the general purpose to be achieved by a property division, which is to allocate the property in a manner which best serves the needs of the parties and best permits them to pursue their separate lives." *Burke v. Burke*, 733 P.2d 133, 135 (Utah 1987).

In *Hacking v. Hacking*, 620 P.2d 71 (Utah 1980), the Utah Supreme Court held that the trial court did not abuse its discretion in a divorce in awarding one half interest in a ranch and other real properties to each party as tenants in common. The Court noted that the property division would require the parties to cooperate to the extent of allowing the ranching operation to continue as a going concern and that all management decisions of the ranch would be voted on by the parties with their oldest son having a vote in cases of disagreement. Further, the trial court's order allowed the parties to petition for a partition of the property if the parties were unable to agree.

Unlike *Hacking*, the case presently before this Court does not provide an alternative arrangement if the parties encounter problems. Also, the present case differs from *Hacking* in that the court is not trying to facilitate the continuation of a business but is concerned with disposition of the parties' home. In this case the provision in the decree requiring the parties to alternate occupying and attempting to sell the house hampers the parties' ability to pursue their separate lives and imposes burdensome and unnecessary expenses

on the parties by requiring them to move every six months until the house is sold.

We also agree with defendant's claim that the provision is inappropriate because it fails to place any limitations on the sale of the property, has no requirement that the nonoccupying spouse concur in the selling price, and no option for defendant to purchase the house at an appropriate price.[1] In addition, the provision could likely serve as a breeding ground for further disagreements between the parties and could significantly delay the parties' ability to pursue their separate lives. Therefore, we find that the trial court abused its discretion by ordering the parties to alternate occupying and selling the house.

## II.

## PERSONAL PROPERTY

■ Defendant's second contention is that the court's method of distributing the parties' miscellaneous personal property was an abuse of discretion. Prior to trial the court encouraged the parties to stipulate to a distribution of the items of personal property. Because the parties were unable to agree, they submitted lists at trial indicating the items of personal property each desired. Rather than dividing the property on the lists, the trial judge ordered that the parties alternate choosing items from the list submitted by defendant until all items were distributed. The court also stated that if the parties were unable to complete this process without supervision, the court would order them to appear and their selections would be monitored by the court or its personnel.

While this method of property distribution might further exacerbate the parties' difficulties, we do not find it constitutes a clear abuse of the court's discretion and therefore affirm that portion of the judgment.

1. The financial circumstances of defendant make it unlikely she could qualify for housing financing. Therefore, it might be equitable, as argued by defendant, to allow her a means of

## III.

## ALIMONY

■ Finally, defendant claims the trial court erred in awarding her only $600.00 per month in alimony. The Utah Supreme Court and this Court have held that the purpose of alimony is to maintain as much as possible the standard of living the parties enjoyed during marriage and avoid the necessity of one spouse receiving public assistance. *Jones v. Jones*, 700 P.2d 1072, 1075 (Utah 1985); *English v. English*, 565 P.2d 409, 411 (Utah 1977); *Boyle v. Boyle*, 735 P.2d 669, 671 (Utah App.1987). With this purpose in mind, three factors must be considered by the trial court in fixing a reasonable alimony award:

1) the financial conditions and needs of the wife [sic];

2) the ability of the wife [sic] to produce a sufficient income for herself [sic]; and

3) the ability of the husband [sic] to provide support.

*Jones*, 700 P.2d at 1075.

The first factor, the financial needs of the defendant, was not adequately addressed by the trial court. Nothing in the court's memorandum decision or its findings of fact delineates Mrs. Ruhsam's financial needs despite the fact that she submitted a document indicating monthly expenses of $1,521.50, including a $492.00 per month house payment. She also submitted evidence of medical bills in 1984 of $9,567.83. The second factor, Mrs. Ruhsam's ability to provide sufficient income for herself, was addressed by the court in its finding that she was capable of earning $200.00 per month. Finally, the court, in considering the husband's ability to provide support, stated that his earnings would be between $2,000.00 and 3,000.00 per month. The uncontroverted testimony at trial was that Mr. Ruhsam earned $2,915.00 per month and received $2,941.00 per month in retirement and disability pay. His monthly income, therefore, was $5,850.00. From this amount plaintiff was ordered to pay to

obtaining ownership of the couples' residence by purchasing plaintiff's equity interest, or otherwise adjusting the division of assets and obligations.

defendant $600.00 per month as alimony, and approximately $457.00 of his monthly retirement benefits would go to defendant directly. These deductions would leave plaintiff $4,603.00 per month net income before taxes and other employment deductions. Defendant, with an earning ability of $200.00 per month, would have total monthly income of $1,257.00. On its face, this disparity is disturbing, and would not appear to satisfy the goal of alimony to maintain defendant at the same standard of living as during the marriage. We do not mean to imply, however, that the means of doing so is necessarily by equalizing income, but there must be some clear rationale for the level of alimony consistent with the stated criteria. In addition, the court found that plaintiff had heart problems, presumably to demonstrate his decreased ability to provide support. However, the record contains no evidence to support that finding. On the other hand, there was ample evidence of defendant's severe health problems.

The trial court abused its discretion in its award of alimony due to the failure to make findings as to the wife's needs. Finally, the evidence clearly preponderates against the finding that plaintiff had a heart problem. Thus, we hold that the court's alimony award is a "serious inequity ... as to manifest a clear abuse of discretion." *Pope*, 589 P.2d at 753.

## IV.

## CONCLUSION

We note that we have not specified exactly how the trial court should now order liquidation or distribution of property of the parties, nor the precise amount of alimony which should be awarded defendant. The issues dealt with in this opinion are not exhaustive of those included in the original decree of divorce. We believe that all factors must be considered, and that the trial court is best suited to take into account the totality of the parties' circumstances, while still observing the decision of this Court.

Reversed and remanded for proceedings in accordance with this opinion.

GARFF and BENCH, JJ., concur.