Gail Kathleen THROCKMORTON,
Plaintiff and Respondent,

v.

Cecil Dee THROCKMORTON,
Defendant and Appellant.

No. 870400–CA.

Court of Appeals of Utah.

Dec. 19, 1988.

Robert M. McRae, McRae & DeLand, Vernal, for defendant and appellant.

Nolan J. Olsen, Olsen & Olsen, Midvale, for plaintiff and respondent.

Before GARFF, BILLINGS and JACKSON, JJ.

BILLINGS, Judge:

Appellant, Cecil Throckmorton ("Mr. Throckmorton"), appeals the trial court's order modifying the parties' divorce decree increasing the alimony to be paid respondent, Gail Throckmorton ("Mrs. Throckmorton"), from $1 per year to $396 per month. Mrs. Throckmorton cross-appeals, arguing the trial court erred in denying her request for one-half of Mr. Throckmorton's retirement benefits. We affirm in part and reverse in part.

The Throckmortons were married on May 27, 1955, and had eight children during the course of their twenty-one-year marriage. All of the children have reached majority.

The parties were divorced on September 13, 1976.

At the time of the divorce, Mr. Throckmorton was a police officer making $19,040 annually. Mrs. Throckmorton was not employed outside the home.

The divorce decree awarded Mrs. Throckmorton custody of the parties' five minor children and ordered Mr. Throckmorton to pay $85 per child per month in child support, for a total of $425 per month. Mr. Throckmorton was also ordered to pay alimony in the amount of $1 per year. Mrs. Throckmorton was awarded the family home, subject to the outstanding mortgage. When the home was sold in 1983, Mrs. Throckmorton received the equity of $24,-000. Mr. Throckmorton was ordered to pay approximately $12,000 in marital debts incurred during the course of the marriage. The divorce decree was silent regarding Mr. Throckmorton's retirement benefits.

Mrs. Throckmorton is presently unemployed and suffering from numerous medical problems prompting her doctor to recommend open heart surgery. Mr. Throckmorton is retired and receives retirement benefits of $18,970 annually.

Mrs. Throckmorton filed this petition to modify the divorce decree on September 26, 1986, seeking an increase in the alimony award from $1 per year to $500 per month, and seeking a share of Mr. Throckmorton's retirement benefits. Mrs. Throckmorton claims that at the time of the original decree, she was unaware she had any legal rights in the retirement benefits.

The trial court, by stipulation of counsel, accepted both proffered evidence and the sworn testimony of the Throckmortons. The trial court found a substantial change of circumstances warranted an increase in alimony to $396 per month based on Mrs. Throckmorton's current unemployment, medical problems, and the fact she currently receives no child support.

The trial court further held Mrs. Throckmorton's claim to her former husband's retirement benefits was barred by the doctrine of res judicata.

Two issues are presented on appeal. First, whether the trial court abused its discretion in denying Mrs. Throckmorton's claim to Mr. Throckmorton's retirement benefits. Second, whether there was a substantial change of circumstance since the date of the original decree to justify an increase in alimony to $396 per month.

### Standard of Review

■ Trial courts have considerable discretion to adjust divorcing parties' financial and property interests. *See, e.g., Ruhsam v. Ruhsam,* 742 P.2d 123, 124 (Utah Ct. App.1987). The discretionary power to fashion an equitable property division extends equally to subsequent modifications of an earlier decree. *McCrary v. McCrary,* 599 P.2d 1248, 1250 (Utah 1979).

Moreover, the trial court's actions are entitled to a presumption of validity. *Ruhsam,* 742 P.2d at 124. Absent a showing of a clear and prejudicial abuse of discretion, we will not interfere with an alimony or property award. *Gardner v. Gardner,* 748 P.2d 1076, 1078 (Utah 1988); *Eames v. Eames,* 735 P.2d 395, 397 (Utah Ct.App. 1987).

### Retirement Benefits

We first address whether the trial court abused its discretion in denying Mrs. Throckmorton's claim to one-half of her former husband's retirement benefits. The trial court "has continuing jurisdiction to make subsequent changes or new orders for the support and maintenance of the parties, ... or the distribution of the property as is reasonable and necessary." Utah Code Ann. § 30–3–5(3) (1988). *Accord Sundquist v. Sundquist,* 639 P.2d 181, 186 (Utah 1981). However, in order to modify a prior property award, the moving party must establish a substantial change of circumstances "which was not within the original contemplation of the parties or the court at the time the original decree was rendered." *Thompson v. Thompson,* 709 P.2d 360, 362 (Utah 1985). Courts are particularly hesitant to disturb prior property distributions. *See Guffey v. LaChance,* 127 Ariz. 140, 618 P.2d 634, 636 (Ct.App. 1980).

In the instant case, the trial court found that Mrs. Throckmorton's claim to one-half of Mr. Throckmorton's retirement benefits was barred by the doctrine of res judicata. According to the trial court, Mrs. Throckmorton had the opportunity to litigate the issue of her rights to Mr. Throckmorton's retirement benefits at the time of the original divorce, and did not do so. Mrs. Throckmorton, however, contends that although she was aware of the existence of Mr. Throckmorton's retirement benefits at the time of the original divorce, Utah law did not recognize pension benefits as marital assets subject to distribution. Thus, she claims that the subsequent recognition of pension benefits as marital assets by the Utah Supreme Court's decision in *Woodward v. Woodward,* 656 P.2d 431 (Utah

1982), is a substantial change of circumstances which precludes application of the doctrine of res judicata. We disagree and affirm the trial court's refusal to reopen the issue of the distribution of Mr. Throckmorton's retirement benefits.

■ The doctrine of res judicata applies in divorce actions. *Jacobsen v. Jacobsen,* 703 P.2d 303, 305 (Utah 1985). "When there has been an adjudication, it becomes res judicata as to those issues which were either tried and determined, or upon all issues which the party had a fair opportunity to present and have determined in the other proceeding." *Id.* (footnote omitted) (quoting *Mendenhall v. Kingston,* 610 P.2d 1287, 1289 (Utah 1980)). However, the application of res judicata is unique in divorce actions because of the equitable doctrine which allows courts to reopen alimony, support, or property distributions if the moving party can demonstrate a substantial change of circumstances since the matter was previously considered by the court. *See, e.g., Thompson v. Thompson,* 709 P.2d 360 (Utah 1985).

■ We must determine whether the subsequent legal recognition of retirement benefits as marital property subject to distribution in a divorce case is a substantial change of circumstances, thereby precluding the application of res judicata. Or more specifically, whether *Woodward* should be given retroactive effect.

The Arizona Court of Appeals recently addressed this issue in *Guffey v. LaChance,* 127 Ariz. 140, 618 P.2d 634 (Ct. App.1980), a factually similar case. In *Guffey,* the wife sought to modify a seven-and-one-half-year-old divorce decree in order to share in her former husband's military retirement benefits. The divorce decree was silent regarding his pension even though both parties were aware of the benefits at the time of the divorce. When the original decree was entered, the Arizona courts had yet to decide whether unvested pension benefits were community assets. However, at the time of the modification, pension benefits were deemed a property right subject to division in a divorce

decree. Nonetheless, the court denied the wife's request to modify, stating, "[t]here is a compelling policy interest favoring the finality of property settlements" and this policy would be "greatly undermined if the court were to allow the potential for reexamination of every military divorce prior to the enactment of the rule." *Id.* 618 P.2d at 636.

We agree with the Arizona Court of Appeals and find that legal recognition of a new category of property rights after a divorce decree has been entered, is not itself sufficient to establish a substantial change of circumstances justifying a re-evaluation of a prior property division. Thus, we hold that the legal principles articulated in *Woodward,* should only be given prospective application.[1]

### Alimony

We next address whether the award of $396 per month in alimony to Mrs. Throckmorton was an abuse of the trial court's discretion.

"[T]he threshold requirement for relief [in a petition for modification of a divorce decree] is a showing of a substantial change of circumstances occurring since the entry of the decree and not contemplated in the decree itself." *Naylor v. Naylor,* 700 P.2d 707, 710 (Utah 1985). "A relative change in the income and expenses of the parties, if comparatively significant, can amount to a substantial change in circumstances" justifying a modification of a prior alimony award. *Jeppson v. Jeppson,* 684 P.2d 69, 70 (Utah 1984).

■ In the instant case, Mrs. Throckmorton met her burden. She is no longer receiving any child support payments since all the children have now reached majority. She is currently unemployed due to a serious medical condition. Accordingly, we affirm the trial court's finding of a substantial change of circumstances justifying a modification of the alimony provision.

■ The issue then becomes whether the trial court's award of $396 per month in alimony was an abuse of discretion. The purpose of alimony is to "enable the receiving spouse to maintain as nearly as possible the standard of living enjoyed during the marriage and to prevent the spouse from becoming a public charge." *Eames v. Eames,* 735 P.2d 395, 397 (Utah Ct.App. 1987) (citing *Paffel v. Paffel,* 732 P.2d 96, 100–01 (Utah 1986)). A trial court must consider three factors in setting a reasonable award of alimony: 1) the financial conditions and needs of the receiving spouse; 2) the ability of the receiving spouse to produce a sufficient income for him or herself; and 3) the ability of the responding spouse to provide support. *Eames,* 735 P.2d at 397.

Moreover, it is reversible error if a trial court fails to make findings on all material issues unless the facts in the record are " 'clear, uncontroverted, and capable of supporting only a finding in favor of the judgment.' " *Acton v. Deliran,* 737 P.2d 996, 999 (Utah 1987) (quoting *Kinkella v. Baugh,* 660 P.2d 233, 236 (Utah 1983)).

Utah courts have consistently found an abuse of discretion in setting alimony when the trial court failed to make findings on the financial conditions and needs of the receiving spouse. *See, e.g., Higley v. Higley,* 676 P.2d 379, 382 (Utah 1983) (remanded since the trial court made no findings with regard to the receiving spouse's ability to work); *Ruhsam v. Ruhsam,* 742 P.2d 123, 126 (Utah Ct.App.1987) (trial court failed to adequately address the financial needs of the claimant spouse, making it necessary for the reviewing court to remand the issue for further findings).

■ The trial court found and the record supports that Mrs. Throckmorton is pres-

---

1. Allowing Mr. Throckmorton to keep his retirement benefits considering the totality of the original property distribution, does not offend our sense of justice. Mr. Throckmorton, under the original decree, was ordered to pay $12,000 in marital debts while Mrs. Throckmorton was awarded the family home and ultimately received $24,000 equity in that home. This is especially true since the trial court did increase the original alimony provision. The award of alimony appears to be a more appropriate method for dealing with the parties' present circumstances.

ently unable to produce sufficient income for herself due to her medical problems, and that Mr. Throckmorton is able to provide support due to his annual retirement income of $18,900. The record, however, is void of any facts as to Mr. Throckmorton's or Mrs. Throckmorton's monthly expenses which are relevant both to Mrs. Throckmorton's "need" and Mr. Throckmorton's ability to pay. Neither does the record indicate whether Mrs. Throckmorton is presently receiving any income from other sources or the extent and probable duration of her medical problems.

Mrs. Throckmorton requested $500 per month as alimony but was awarded only $396 per month. Although it is apparent to this Court that an increased alimony award is justified, due to the lack of facts or findings of both Mrs. Throckmorton's need and Mr. Throckmorton's ability to pay, we cannot determine if the trial court's award was an abuse of discretion. Thus, we vacate the alimony award and remand for appropriate findings on all the *Eames* factors.

In summary, we conclude that the trial court did not abuse its discretion in refusing to reopen the issue of the distribution of Mr. Throckmorton's retirement benefits. However, we do find that the trial court abused its discretion in setting the amount of alimony at $396 per month without making a determination as to Mrs. Throckmorton's need and Mr. Throckmorton's ability to pay. The judgment of the trial court is affirmed in part and reversed and remanded in part to redetermine the appropriate amount of alimony to be awarded to Mrs. Throckmorton.

GARFF and JACKSON, JJ., concur.