Margieann W. OSTLER (Wyatt), and the State of Utah, Plaintiffs and Appellants,

v.

Raymond Floyd OSTLER, Defendant and Respondent.

No. 880172–CA.

Court of Appeals of Utah.

March 20, 1990.

714

Penny Heal Trask, Salt Lake City, for plaintiffs and appellants.

Harold R. Stephens, Salt Lake City, for defendant and respondent.

Before DAVIDSON, BENCH and BILLINGS, JJ.

## OPINION

BENCH, Judge:

Appellant appeals from an order entered in district court modifying a decree of divorce. We affirm the order in part, vacate the order in part, and remand.

Appellant Margieann Ostler and respondent Raymond Floyd Ostler were divorced in 1978 after an eighteen-year marriage. The decree of divorce awarded appellant child support in the amount of $75 per month for each of the four children in her custody. The decree also provided for visitation rights, alimony, life and health insurance, attorney fees, and distribution of real property, personal property, and debts. There was no provision for the distribution of respondent's retirement account.

In 1987, appellant filed a petition for modification of the divorce decree. Although respondent had voluntarily increased the amount of his child support payments from $75 to $110 per month per child, appellant sought to increase child support to $230 per month for each of the three remaining minor children. She also sought to distribute respondent's retirement account, and to receive her attorney fees and costs. As a basis for modification of the decree, appellant stated that she was unemployed, on public assistance, and that she was unable to obtain employment due to a speech disability. She also alleged that respondent had remarried and that his income had increased substantially.

Respondent moved to dismiss the petition on the grounds that appellant had failed to include the State of Utah as the real party in interest. Respondent claimed that the State was providing appellant with financial assistance and that the State was also assigned appellant's right to receive child support payments. *See* Utah Code Ann. § 78–45–9(2) (1987). The court subsequently granted appellant's motion to amend her petition to join the State of Utah as co-plaintiff.

A hearing on the petition was conducted on December 16, 1987. Counsel for the State appeared and stated that respondent was current in his support obligation, and indicated that the State's interest was satisfied as long as respondent continued to provide at least the existing level of support. Counsel was then excused.

The parties stipulated that there was a substantial change of circumstances sufficient to provide a basis for modification of the decree. The hearing proceeded by proffer. The district court subsequently issued a memorandum decision modifying

the amount of support from $75 per month per child to $200 per month per child. It remains unclear whether this award was premised on the support of three children or two children.[1] The court declined to distribute respondent's retirement account, but awarded appellant $250 in attorney fees. Appellant now seeks review of the amount of child support and the denial of retirement benefits. She also requests an award of attorney fees on appeal.

## CHILD SUPPORT

■ Trial courts have continuing jurisdiction to make reasonable and necessary changes in child support awards, taking into account "not only the needs of the children, but also the ability of the parent to pay." *Woodward v. Woodward,* 709 P.2d 393, 394 (Utah 1985) (per curiam); Utah Code Ann. § 30-3-5(3) (1989). A party seeking modification of a child support award must show that a substantial change of circumstances has occurred since the divorce decree, not contemplated within the decree itself. *Woodward,* 709 P.2d at 394. Once the trial court has made a determination on modification, we accord its ruling substantial deference. *Id.; Proctor v. Proctor,* 773 P.2d 1389, 1390 (Utah Ct.App. 1989). The apportionment of financial responsibility between the parties will not be upset on appeal unless the evidence clearly preponderates to the contrary or we determine that the court has abused its discretion. *Woodward,* 709 P.2d at 394; *Christensen v. Christensen,* 628 P.2d 1297, 1299 (Utah 1981); *Proctor,* 773 P.2d at 390; *Maughan v. Maughan,* 770 P.2d 156, 161 (Utah Ct.App.1989). However, an award of child support may be "so inordinately low" as to constitute an abuse of discretion. *Martinez v. Martinez,* 754 P.2d 69, 73 (Utah Ct.App.1988), *cert. granted,* 765 P.2d 1277 (1988).

The parties in this case stipulated that there had been a substantial change of circumstances since the original decree. The stipulation leaves for resolution whether the district court abused its discretion in

modifying the original support award from $75 to $200 per month per child.

■ In awarding prospective support after a material change of circumstances, the relevant factors to be considered include:
(a) the standard of living and situation of the parties;
(b) the relative wealth and income of the parties;
(c) the ability of the obligor to earn;
(d) the ability of the obligee to earn;
(e) the need of the obligee;
(f) the age of the parties;
(g) the responsibility of the obligor for the support of others.

Utah Code Ann. § 78-45-7(2) (1987); *Martinez,* 754 P.2d at 73 n. 3. Because these factors "constitute material issues upon which the trial court must enter findings of fact," *Jefferies v. Jefferies,* 752 P.2d 909, 911 (Utah Ct.App.1988), the failure to enter specific findings on each of the factors is generally reversible error, particularly where the court orders a party to pay support to a child beyond the age of majority. *Id.* at 911-12.

■ While the trial court made findings of fact, we cannot determine to what extent these factors were applied. The findings merely note a "dramatic" increase in respondent's income and a "substantial" decline in appellant's health, and set the award at $200 per month per child. The lack of specificity in the findings is further compounded by the court's award of support "until each child graduates from high school" regardless of age. We conclude that the failure of the trial court to make specific findings on the statutory factors constitutes reversible error.

Since the case must be remanded for entry of more specific findings, we merely note the apparent inadequacy in the amount of child support awarded. Statutory guidelines now establish base amounts of child support. *See* Utah Code Ann. § 78-45-7.14 (Supp.1989). Although not in effect at the time of the trial court's modification order, *see* Utah Code Ann.

---

1. One of the three minors was nearly eighteen at the time of the modification hearing; there-fore, only two children of the marriage are now below the age of majority.

§ 78–45–7.2(1)(a) (Supp.1989), these guidelines are useful in determining the adequacy of support. Appellant argues that the disparity between the statutory guidelines and the trial court's award constitutes an abuse of discretion. We are not prepared to go quite so far in the absence of specific findings, but the financial declarations of appellant and respondent contained in the record indicate gross monthly incomes of $828 and $4,372, respectively. *Cf. Martinez*, 754 P.2d at 73 (abuse of discretion shown in award of $300 per month per child, where incomes were $1,033 and $8,333, respectively). Appellant is functionally handicapped, on welfare, and receiving food stamps. These facts connote such a sharp contrast in living standards between the parties that $200 per month per child appears to be inadequate, and thus may constitute an abuse of the court's discretion.

"Child support awards should approximate actual need and, when possible, assure the children a standard of living comparable to that which they would have experienced if no divorce had occurred." *Peterson v. Peterson*, 748 P.2d 593, 596 (Utah Ct.App.1988). Furthermore, it is public policy in this state that "children shall be maintained from the resources of responsible parents, thereby relieving or avoiding, at least in part, the burden often borne by the general citizenry through welfare programs." Utah Code Ann. § 78–45b–1.1 (1987). Since we must vacate the order and remand for entry of more specific findings, the award of support should either be justified under these objectives, or modified consistent with the statutory guidelines now in effect.[2]

## RETIREMENT ACCOUNT DISTRIBUTION

As part of appellant's petition for modification, she claimed that respondent's retirement account was undistributed at the time of the divorce and should now be so distributed. Appellant concedes that the decree makes no mention of the retirement account, but argues that she was not aware of it at the time of the divorce. The district court refused to modify the divorce decree to distribute the retirement account on the grounds that it was not vested at the time of the decree. The court also found that the value of the account at vesting was "sufficiently nominal" such that child support payments made by respondent in excess of his legal obligation more than compensated appellant for the value of the account.

Although the trial court described its reasoning as a "finding of fact," it is more appropriately described as a conclusion of law. *See State ex rel. Div. of Consumer Protection v. Rio Vista Oil, Ltd.*, 786 P.2d 1343, 1346 (Utah 1990) (Appellate court will disregard the label of "findings of fact" and look to the substance.). We accord a trial court's legal conclusions no particular deference on appeal, but review them for correctness. *IFG Leasing Co. v. Gordon*, 776 P.2d 607, 611 (Utah 1989). Without addressing the correctness of the district court's rationale, we may still affirm the result "on any proper ground(s), despite the trial court's having assigned another reason for its ruling." *Buehner Block Co. v. UWC Assocs.*, 752 P.2d 892, 895 (Utah 1988).

Shortly after the district court rendered its decision, this court addressed a similar issue in *Throckmorton v. Throckmorton*, 767 P.2d 121 (Utah Ct.App.1988). Mrs. Throckmorton sought to modify a 1976 divorce decree, silent as to Mr. Throckmorton's retirement benefits, to obtain one-half of those benefits. The trial court determined that Mrs. Throckmorton had the opportunity to litigate the issue at the time of the divorce, and since she failed to do so, the claim was barred under the doctrine of res judicata.

Our opinion noted that res judicata "is unique in divorce actions because of the equitable doctrine which allows courts to

---

2. The statutory guidelines may be applied to child support orders existing prior to July 1, 1989, as long as the guidelines do not form the basis of a material change of circumstances. Utah Code Ann. § 78–45–7.2(1)(b) (Supp.1989).

reopen alimony, support, or property distributions if the moving party can demonstrate a substantial change of circumstances since the matter was previously considered by the court." *Id.* at 123. We noted that pension benefits were first recognized as marital assets in Utah in *Woodward v. Woodward,* 656 P.2d 431 (Utah 1982) ("*Woodward I*"). *Throckmorton,* 767 P.2d at 123. We then addressed the issue whether *Woodward I* should be given retroactive effect. *Id.* We ultimately determined that "legal recognition of a new category of property rights after a divorce decree has been entered, is not itself sufficient to establish a substantial change of circumstances justifying a reevaluation of the prior property division." *Id.* at 124.

In the instant case, appellant has articulated no change of circumstance justifying a reevaluation of the original property division. Appellant's claim of lack of knowledge of the retirement benefits does not constitute such a change. The only other possible change of circumstance is *Woodward I's* legal recognition of retirement benefits as marital assets. However, the decree of divorce was entered more than four years before the issuance of *Woodward I* and the modification order was entered a year before the issuance of *Throckmorton.* Inasmuch as *Woodward I* is to be given prospective application only, there is no appropriate basis on which to divide respondent's retirement account. Rather, we find the "policy interest favoring the finality of property settlements" to be compelling. *Throckmorton,* 767 P.2d at 124 (quoting *Guffey v. LaChance,* 127 Ariz. 140, 618 P.2d 634, 636 (Ct.App.1980)); *see also Porco v. Porco,* 752 P.2d 365, 368 (Utah Ct.App.1988). We therefore affirm the district court's order with respect to retirement benefits.

## ATTORNEY FEES ON APPEAL

Appellant contends she is impecunious and requests attorney fees on appeal. Although she does not cite statute or rule for such an award, Utah Code Ann. § 30–3–3 (1989) provides that either party to a divorce action may be ordered to pay the attorney fees of the party in need. This discretionary authority has been held to include attorney fees incurred on appeal. *See Maughan,* 770 P.2d at 162–63. Based on appellant's financial declaration, it is apparent that she is in need of such assistance. Since appellant has partially prevailed, we award her attorney fees reasonably incurred on appeal.

## CONCLUSION

We affirm the district court's order with respect to respondent's retirement account. The remainder of the order is vacated. The issue of child support is remanded for the entry of specific findings and an award of child support in accordance with those findings. We also remand the case for the purpose of determining and awarding attorney fees and costs reasonably incurred by appellant on appeal.

DAVIDSON and BILLINGS, JJ., concur.