Lynn Vincent TOONE, Plaintiff
and Appellee,

v.

Ruby Joan TOONE nka Ruby Joan
Parkhurst, Defendant and
Appellant.

No. 960675–CA.

Court of Appeals of Utah.

Jan. 29, 1998.

Marlin J. Grant, Logan, for Defendant and Appellant.

George Preston, Logan, for Plaintiff and Appellee.

Before BENCH, GREENWOOD and ORME, JJ.

## OPINION

GREENWOOD, Judge:

Ruby Joan Toone, nka Parkhurst (Parkhurst), appeals the trial court's grant of summary judgment in favor of her ex-husband, Lynn Vincent Toone (Toone), dismissing Parkhurst's petition to modify their divorce decree. We affirm.

## BACKGROUND

Toone filed for divorce from Parkhurst in June 1981. The parties agreed to bifurcate the divorce proceeding, and the divorce was granted on July 23, 1981. The trial court reserved the issues of custody, child support, property division, and all other matters until a later date.

On July 9, 1982, the trial court heard testimony regarding the remaining issues. The trial court awarded each party one-half of the equity in the parties' home and ordered that a parcel of property they owned be sold and the proceeds equally divided. Additionally, the trial court found that "each of the parties has a retirement, to-wit: Plaintiff's is worth $10,000, and Defendant's is worth $3,000." The trial court split the combined total and awarded each party $6,500.00.

The trial court did not specify whether these retirements included a military pension that Toone had earned during the parties' twenty-three year marriage. The trial court awarded an equal amount of marital property, valued at $35,864.25, to each party, but did not indicate whether it had considered Toone's military retirement pension in its calculation.

Although the hearing regarding property took place in July 1982, the final decree was not signed until December 16, 1983. In its supplemental findings of fact and conclusions of law, the trial court "retain[ed] jurisdiction for a period of five (5) years, at the expiration of which time either party may motion the Court to revise . . . other property matters herein."

On October 23, 1995, almost twelve years after the divorce was finalized, Parkhurst filed a Petition to Modify the Decree of Divorce, claiming she had only recently discovered she was entitled to a share of Toone's military retirement. Parkhurst asserted that because of the United States Supreme Court decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the parties had believed at the time of the divorce that federal law prohibited the division of military retirement benefits by any state court in a divorce proceeding. Accordingly, Parkhurst claimed, neither party had asked the divorce court to divide this marital asset. However, Parkhurst argued, the enactment of the Uniformed Services Former Spouses Protection Act (USFSPA), 10 U.S.C.A. § 1401–1408 (amended 1990), which nullified *McCarty*, now entitled her to a share of the military retirement benefits.

Toone countered that the action was beyond the statute of limitations. He also asserted waiver, estoppel, and laches, and further claimed that USFSPA did not apply retroactively. Lastly, Toone argued that the doctrine of res judicata barred Parkhurst's action, since Parkhurst could not demonstrate a substantial change in circumstances which would justify reopening the property distribution.

Toone filed a Motion for Summary Judgment and Parkhurst filed an Answer and Cross Motion for Summary Judgment. The trial court granted summary judgment to Toone on the basis that the action was barred by the eight-year statute of limitations contained in Utah Code Ann. § 78–12–22 (1992). The trial court further concluded that Parkhurst had demonstrated no change of circumstances that would warrant a modification of the decree and that res judicata therefore applied. Parkhurst appeals.

## ISSUES

Parkhurst seeks review on three grounds: (1) the trial court erred in holding there had been no substantial change in circumstances sufficient to justify reopening the divorce decree; (2) the retirement benefits are owned by the parties as tenants in common, subject to division at any time; and (3) the trial court incorrectly applied the eight-year statute of limitations to bar Parkhurst's claim.

## ANALYSIS

### Military Retirement Benefits

We begin by describing the law regarding division of military retirement benefits in state court divorce actions. As this court noted in *Maxwell v. Maxwell*, the United States Supreme Court held in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), that "the federal statutes then governing military retirement pay prevented state courts from dividing military retirement pay pursuant to state community property laws because of federal preemption." 796 P.2d 403, 404–05 (Utah Ct.App. 1990). This ruling was applicable to equitable distribution states, as well. *See id.* at 405 n. 2. However, to counteract the effect of *McCarty*, Congress enacted USFSPA. *Id.* at 404–05. This statute provides that "a court may treat disposable retire[ment] . . . pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 U.S.C.A. § 1408(c)(1) (1983); *see also* S.Rep. No. 97–502, at 16 (1982), *reprinted in* 1982 U.S.C.C.A.N. 1596:

The purpose of this provision is to place the courts in the same position that they were in on June 26, 1981, the date of ... *McCarty* .... The provision is intended to remove the federal pre-emption found to exist by the United States Supreme Court and permit State ... courts ... to apply pertinent State or other laws in determining whether military retire[ment] ... pay should be divisable.

*Id.* at 1611. USFSPA became effective February 1, 1983, and allowed for retroactive application to June 25, 1981. *See* USFSPA, Pub.L. No. 97–252, 96 Stat. 730 (1982). USFSPA created for the military spouse a previously unavailable legal right to an award of a portion of the service member's retirement benefits and affected divorces finalized after June 26, 1981. Thus, USFSPA became effective prior to the 1983 final divorce decree of Toone and Parkhurst.

### Change of Circumstances

Parkhurst contends that she had no opportunity to litigate the retirement issue at the divorce trial, and that her circumstances have since changed substantially because she is now allowed under USFSPA to claim her share of Toone's military retirement. Parkhurst claims the trial court erred in determining this was not a change of circumstances that would justify reopening the decree.

■ While a trial court "has continuing jurisdiction to make subsequent changes or new orders for ... distribution of the property ... as is reasonable and necessary," Utah Code Ann. § 30–3–5(3) (1995), a party seeking modification of a divorce decree must demonstrate that "a substantial change in circumstances has occurred since the entry of the decree." *Thompson v. Thompson*, 709 P.2d 360, 362 (Utah 1985) (citations and quotation marks omitted); *Muir v. Muir*, 841 P.2d 736, 739 (Utah Ct.App.1992). Typically, this court reviews a trial court's modification determination for an abuse of discretion. *Hill v. Hill*, 841 P.2d 722, 724 (Utah Ct.App. 1992). However, in this case, we are presented with a question of law regarding what constitutes a substantial change of circumstances, which is reviewed for correctness.

*See State v. Leyva*, 951 P.2d 738, 739–742 (Utah 1997).

■ This court considered whether the recognition of a new legal right constitutes a change in circumstances sufficient to reopen a divorce decree in *Throckmorton v. Throckmorton*, 767 P.2d 121 (Utah Ct.App.1988). In that case, a former wife sought to reopen the parties' 1976 divorce decree in order to obtain a share of her former husband's civil retirement benefits. *See id.* at 122. The wife claimed that although she was aware of the retirement account at the time of the divorce, she was unaware that she had any legal rights in it because at that time, Utah law did not recognize pension benefits as marital assets distributable upon divorce. *See id.* at 123. On appeal, the wife argued that the Utah Supreme Court's recognition of pension benefits as marital assets in *Woodward v. Woodward*, 656 P.2d 431, 432–33 (Utah 1982) (holding trial court may consider "all of the parties' assets and circumstances, including retirement and pension rights" accrued during marriage, and may equitably distribute them in a divorce decree), constituted a substantial change of circumstances and precluded the application of res judicata. *See Throckmorton*, 767 P.2d at 123.

This court disagreed and held that the subsequent legal recognition of a new property interest is not a substantial change of circumstances sufficient to override the " 'compelling policy interest favoring the finality of property settlements.' " *Id.* at 124 (quoting *Guffey v. LaChance*, 127 Ariz. 140, 618 P.2d 634, 636 (Ariz.Ct.App.1980)).

We believe the *Throckmorton* decision is controlling and precludes Parkhurst's claim of a substantial change of circumstances. She has failed to assert any change of circumstances other than her claim that the passage of USFSPA constitutes such a change. That enactment does not, under *Throckmorton*, constitute a substantial change sufficient to justify reopening the decree. Moreover, USFSPA was enacted and took effect before the Toones' divorce was finalized, so its passage does not properly constitute a "change" which has occurred

since the divorce.[1] Accordingly, we find no error in the trial court's ruling that Parkhurst did not demonstrate a change of circumstances sufficient to justify reopening the divorce decree. Because there was no substantial change of circumstances, res judicata applies to preclude Parkhurst's petition. *See Jacobsen v. Jacobsen,* 703 P.2d 303, 305 (Utah 1985) (" 'In the absence of [a showing of substantial change of circumstances], the [divorce] decree shall not be modified and the matters previously litigated and incorporated therein cannot be collaterally attacked in face of the doctrine of res judicata.' " (citation omitted)).

### Other Issues

 Parkhurst also argues the parties held the retirement benefits as joint tenants during the marriage, but, upon divorce, became tenants in common who could request partition of the property at any time. However, because she relies on cases from community property states[2] and misconstrues the Utah cases, we reject that argument.

Having concluded, as a matter of law, that Parkhurst has not shown a change of circumstances as would permit modification of the decree, it is unnecessary to consider whether affirmative defenses would have been available to bar the petition if Parkhurst had met the threshold change-of-circumstances requirement. We therefore do not address Parkhurst's arguments regarding application of a statute of limitations.

### CONCLUSION

Because a change of law does not constitute a substantial change of circumstances and because Parkhurst has demonstrated no other substantial change of circumstances, the doctrine of res judicata bars Parkhurst's petition to modify the decree of divorce. Furthermore, we reject Parkhurst's argument regarding ownership of property after divorce because it is based on inapplicable case law. The order of the trial court granting summary judgment to Toone is affirmed.

BENCH and ORME, JJ., concur.

---

1. Parkhurst admitted at oral argument that although she could have raised the issue of Toone's military retirement by filing a Rule 59 motion for new trial within ten days of entry of the final decree, or, alternatively, a Rule 60(b) motion for relief from judgment within three months after the decree was entered, she did not do so. *See* Utah R. Civ. P. 59, 60(b).

2. Utah adheres to the common law principle that marital property may be disposed of by the trial court exercising its equitable powers. *See, e.g., Wiles v. Wiles,* 871 P.2d 1026, 1028 (Utah Ct.App. 1994).