Alfred N. ASPER, Plaintiff, Appellant, and Cross–Respondent,

v.

Ane A. ASPER, Defendant, Respondent, and Cross–Appellant.

No. 870076–CA.

Court of Appeals of Utah.

May 4, 1988.

David S. Dolowitz (argued), Cohne, Rappaport & Segal, Salt Lake City, for plaintiff, appellant and cross-respondent.

Frank J. Gustin (argued), Kim M. Luhn, Gustin, Green, Stegall & Liapis, Salt Lake City, for defendant, respondent and cross-appellant.

Before BENCH, DAVIDSON and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

Appellant Alfred N. Asper (Mr. Asper) appeals from a divorce decree which: a) ordered him to pay $650 per month support for a minor daughter who has juvenile rheumatoid arthritis, until the daughter reaches twenty-five years of age, to be reviewed by the court at that time; b) deducted one-half of anticipated real estate commissions and closing costs before determining his equity interest in the marital home; and c) required him to pay his wife's attorney fees. Respondent Ane A. Asper (Mrs. Asper) cross appeals the award to her of $1 per year alimony. She seeks to increase alimony to $350 per month and reduce child support to $350 per month. On appeal, we: a) amend child support to $350 per month; b) find no abuse of discretion in awarding child support until age twenty-five, to be reviewed at that time; c) deter-

mine that the $1 a year alimony award was an abuse of discretion; d) affirm the method of determining equity in the marital home; and e) find that Mrs. Asper's attorney fees are reasonable. We find insufficient data in the findings of fact or the undisputed evidence to establish how much alimony is required or Mrs. Asper's need for the award of attorney fees at trial and on appeal. Therefore, we remand these issues to the trial court for additional findings of fact and to set the amount of alimony and to award appropriate attorney fees.

On January 26, 1987, the marriage of Mr. and Mrs. Asper was terminated by a decree of divorce. The twenty-seven year marriage commenced June 9, 1959. Mr. and Mrs. Asper are the parents of three children, two of whom have reached majority and one, age seventeen, who has juvenile rheumatoid arthritis. The findings of fact state that Mr. Asper earns a gross monthly salary of $3,326.27 and that Mrs. Asper earns a net monthly income of $1,100 working part time for her brother. The findings of fact do not specify the living expenses of Mr. or Mrs. Asper nor any other sources of income. However, the record contains an estimate of Mrs. Asper's monthly expenses of between $1,765 and $2,095. Both parties agreed to the fair market value of the marital home. Mr. Asper requested that his interest in the home be determined at the time of trial and be evidenced by a lien to be paid upon contingencies imposed by the court. The findings of fact incorporate part of a letter from John R. Ward, M.D. concerning the health of the minor child, which stated that she is to be considered disabled until she can acquire specific job skills through education.

Mrs. Asper's counsel submitted an affidavit indicating attorney fees of $6,000 with the explanation that responding to plaintiff's three different attorneys had multiplied costs. Mr. Asper's counsel did not dispute the reasonableness of the fees, but argued that Mr. Asper was not responsible for changes in attorneys and that Mrs. Asper was able to pay her own fees. The court found the affidavit of defendant's counsel sufficient to establish the reasonableness of the fees but did not address

Mrs. Asper's ability to pay her own fees. Mr. and Mrs. Asper disagreed on the inclusion of a real estate commission and closing costs in determining the equity in the house and whether Mrs. Asper should receive alimony and, if so, how much. The trial judge repeatedly expressed concern with awarding alimony, because it "goes on forever." The trial court awarded the marital home to Mrs. Asper subject to a lien in favor of Mr. Asper for one-half of the equity payable without interest after deducting estimated real estate commissions and closing costs. Mrs. Asper was granted $6,000 in attorney fees and $1 per year alimony. Mr. Asper was required to maintain insurance benefits for the minor child and pay $650 per month child support until the child reached age twenty-five. The child support and alimony were both to be reviewed by the court when the child reached age twenty-five.

## CHILD SUPPORT

We first address whether the trial court erred in ordering Mr. Asper to pay $650 per month child support for his minor daughter until she reaches age twenty-five. Both parties suggest an amendment of the amount of child support and agree that $350 per month is appropriate. We so modify the decree. Utah Code Ann. § 30–3–5 (1987) gives the court power to make equitable orders relating to children. Utah Code Ann. § 78–45–2(4) (1987) defines child as a "son or daughter under the age of 18 years and a son or daughter of whatever age who is incapacitated from earning a living and without sufficient means." Special or unusual circumstances must be found by a trial court "which would justify the order compelling the defendant to support the children beyond the age of 18...." *Carlson v. Carlson,* 584 P.2d 864, 866 (Utah 1978). Mr. Asper's counsel argued that the support should continue to age twenty-one, not age twenty-five, but offered no persuasive reason why the twenty-one year old cut-off is more reasonable. With regard to continuing child support to age twenty-five and then reviewing its reasonableness, we find that the letter of John

R. Ward, M.D. was sufficiently specific to demonstrate the child's disability. We believe that the evidence supports the court's finding that support should continue until age twenty-five, and such determination was within the court's properly exercised discretion. If there is a material change in circumstances prior to the time the daughter becomes twenty-five, Mr. Asper may seek reduction or termination of the award. At age twenty-five, the burden shifts to Mrs. Asper to justify continuation of the support award. Therefore, we find that the trial court did not abuse its discretion in awarding child support to the age of twenty-five.[1]

## ALIMONY

The next issue is whether the trial court erred in awarding Mrs. Asper only $1 annual alimony. The purpose and criteria for alimony were addressed in *Gramme v. Gramme*, 587 P.2d 144, 147 (Utah 1978), where the Utah Supreme Court stated that the purpose of alimony is

> to provide support for the wife as nearly as possible at the standard of living she enjoyed during the marriage.... Important criteria in determining a reasonable award for support and maintenance are the financial conditions and needs of the wife, considering her station in life; her ability to produce sufficient income for herself; and the ability of the husband to provide support.

*See also Jones v. Jones*, 700 P.2d 1072, 1075 (Utah 1985).

■ The findings of fact in this case state that Mr. Asper's income is approximately three times that of Mrs. Asper and that Mrs. Asper works part time. These facts alone indicate a disparity between Mrs. Asper's standard of living during the marriage and that which she will experience after the divorce. None of the findings of fact indicate the contrary. In light of such disparity and the length of the marriage, the award of $1 per year alimony

is a clear abuse of discretion. The trial court, in its aversion to alimony of indefinite duration, apparently attempted to address Mrs. Asper's financial needs through increased child support. This is an unacceptable substitute for alimony. We would like to rectify the error by specifying the alimony award and note that the child support award indicates the trial court's belief that Mrs. Asper and her daughter ought to have total support of $650 per month. Therefore, alimony of anything less than $300 per month, given our finding as to child support, would appear to be inappropriate. Mrs. Asper requests in her brief that alimony of $350 per month be awarded. However, the findings of fact are insufficient to determine Mrs. Asper's financial needs, sources and amounts of income in addition to her salary, if any, or Mr. Asper's ability to provide support—all required findings for an award of alimony. Nor is the record so clear as to allow us to determine that need ourselves. *See Acton v. J.B. Deliran*, 737 P.2d 996, 999 (Utah 1987). We, therefore, remand to the trial court for additional findings and determination of an appropriate amount of alimony.

## ADEQUACY OF FINDINGS

■ Mr. Asper's counsel contended during oral argument that any lack of adequate findings on alimony or other issues disputed by Mrs. Asper ought to result in affirmance, not remand, because Mrs. Asper's counsel drafted those findings. In *Jones*, 700 P.2d at 1074–75, the Utah Supreme Court held that a claim of inequitable property distribution raised by the preparer of findings of fact was waived where a critical asset valuation was excluded by the drafter and no apparent attempt was made to have it included. This Court has consistently emphasized the importance of specific findings of fact and that deficiencies may be interpreted against the drafter. *Colman v. Colman*, 743 P.2d 782, 790 (Utah Ct.App.1987); *Peck v. Peck*, 738 P.2d 1050 (Utah Ct.App.1987).

---

1. Mr. Asper does not raise as an issue on appeal the sufficiency of the findings under Utah Code Ann. § 78–45–7 (1987) which lists relevant factors in determining the level of child support.

Therefore, we need not decide if the trial court erred by failing to make findings on each element. *See Jefferies v. Jefferies*, 752 P.2d 909 (Utah Ct.App.1988).

The instant case, however, is an exception to the rule because the trial court made awards which Mrs. Asper did not request and, in some instances, were contrary to her requests. For example, Mrs. Asper requested $350 per month alimony. She was granted $1 per year. It would be manifestly illogical to require her to produce a finding of fact to justify an award so at variance with her request. If the court's order is contrary to the party who subsequently prepares findings, appeal of that very issue by the same party will not be defeated by the failure to include adequate findings for signature by the court.

## DIVISION OF MARITAL HOME EQUITY

 Defendant also contends that the trial court erred in deducting anticipated real estate commissions and closing costs from the equity in the parties' home before dividing the equity. We find, however, that the distribution of the equity of the marital home was fairly resolved by the trial court. Mr. and Mrs. Asper agreed to the value of the home and the equity in it. Mr. Asper requested that his interest be fixed in the form of a lien. The deduction of anticipated real estate charges seems to be reasonable as each party was charged with half of those charges. "In the distribution of the marital estate, there is no fixed rule or formula.... The responsibility of the trial court is to endeavor to provide a just and equitable adjustment of their economic resources so that the parties might reconstruct their lives on a happy and useful basis." *Gramme*, 587 P.2d at 148. The trial court's method of dividing the equity in the marital home is affirmed.

## ATTORNEY FEES

 Finally, we examine whether the trial court erred in ordering Mr. Asper to pay attorney fees incurred by Mrs. Asper. In order to award attorney fees in a divorce action, "the award must be based on the need of the party and the reasonableness of the fees awarded, a matter largely left to the discretion of the trial court." *Walther v. Walther*, 709 P.2d 387, 388 (Utah 1985). In the instant case, there is sufficient evidence of the reasonableness of the fees awarded to Mrs. Asper. However, no information in the findings of fact or in the record exists as to Mrs. Asper's need. While the award of attorney fees is largely within the discretion of the trial court, there must be a demonstration of need. We, therefore, remand the issue of attorney fees to the trial court to establish Mrs. Asper's need. If need is factually demonstrated, the trial court's award to Mrs. Asper will be upheld.

Attorney fees are awarded to Mrs. Asper on appeal if need for the same at trial is established upon remand. Costs to Mrs. Asper.

Remanded for amendment of judgment and further proceedings in accordance with this opinion.

BENCH and DAVIDSON, JJ., concur.