Edrie A. **BRIDENBAUGH,** Plaintiff
and Appellant,

v.

William **BRIDENBAUGH,** Defendant
and Respondent.

No. 880181–CA.

Court of Appeals of Utah.

Jan. 2, 1990.

J. Franklin Allred, Salt Lake City, for
plaintiff and appellant.

James P. Cowley, Salt Lake City, for
defendant and respondent.

Before BENCH, BILLINGS and
GREENWOOD, JJ.

GREENWOOD, Judge:

Plaintiff appeals from the trial court's
order denying her petition for an increase
in alimony and granting defendant's peti-
tion to terminate alimony.

The parties were divorced in December
1965, after ten years of marriage. The
decree of divorce incorporated provisions of
a property settlement agreement which
awarded plaintiff $400 per month alimony.
Defendant paid alimony as required by the
decree, for approximately twenty-two
years, and then filed a petition seeking
termination of the alimony obligation.
Plaintiff filed a counterpetition, seeking an
increase in alimony.

The trial court made the following find-
ings of fact in support of the order termi-
nating alimony and denying plaintiff's re-
quest for an increase in alimony: the par-
ties were married in 1956 and had two
children; the children are now adults no
longer dependent on either of the parties;
the 1965 decree required defendant to pay
plaintiff $400 per month as alimony and
$150 per child per month as child support;
with the exception of perhaps two months,
defendant paid alimony as required by the

decree, from the time of the divorce through January 1988; at the time of the 1965 divorce, plaintiff was not employed and had no income from outside sources; during the four years after the divorce, plaintiff did not work but did obtain a Master's degree in social work; thereafter, she became employed and worked for Granite School District for approximately fourteen years as a social worker; plaintiff's 1987 salary was $16,203.77; in 1987 plaintiff also had interest, dividends and mutual fund earnings and income of $5,864.40, as well as $4,600 in alimony payments; plaintiff currently provides satisfactorily for her own welfare; there has been a material change in circumstances and improvement between the 1965 divorce and the present; while defendant has had a significant increase in his net worth and salary since the divorce, plaintiff has also experienced a substantial increase in net worth and income; plaintiff is buying the condominium she occupies; she has approximately $100,000 in stocks and bonds, owns a cabin debt-free and has substantial retirement benefits; plaintiff has a current net worth of $221,200; not all of plaintiff's claimed monthly expenses are properly documented or justified; at the time of the divorce defendant was earning approximately $30,000 per year, and now has a base salary of approximately $240,000 per year and has a current net worth of approximately $2,500,000; and, while the parties anticipated permanent alimony, they provided for termination of alimony by order of the court.

On appeal, plaintiff claims the court erred in finding a material change in her circumstances which warranted terminating alimony, and by refusing to find that the material change in defendant's circumstances warranted an increase in alimony.

■ Trial courts have considerable discretion in determining the amount of alimony appropriate in a given case, and will be upheld unless a clear and prejudicial abuse of discretion is shown. *Paffel v. Paffel*, 732 P.2d 96, 103 (Utah 1986); *Maughan v. Maughan*, 770 P.2d 156, 161 (Utah Ct.App. 1989). A party seeking modification of a prior alimony award bears the burden of establishing that a substantial change of circumstances has occurred which justifies modification. *Id.* In order to reduce or terminate alimony, the trial court "must be persuaded that appellant will be able to support herself at a standard of living to which she was accustomed during the parties' marriage, or that respondent is no longer able to pay." *Fullmer v. Fullmer*, 761 P.2d 942, 951 (Utah Ct.App.1988). This standard is consistent with the purpose of alimony and the criteria used in determining a proper amount. The fundamental purpose of alimony "is to enable the receiving spouse to maintain as nearly as possible the standard of living enjoyed during the marriage and to prevent the spouse from becoming a public charge." *Paffel*, 732 P.2d at 100. Courts are to consider the "financial condition and needs of the spouse claiming support, the ability of that spouse to provide sufficient income for him or herself, and the ability of the responding spouse to provide the support." *Id.* at 101. In *Haslam v. Haslam*, 657 P.2d 757, 758 (Utah 1982), the Utah Supreme Court stated that the type of change in circumstances warranting modification of a divorce decree varies with the type of order involved and observed that alimony awards "must be readily susceptible to alteration at a later date, as the needs which such provisions were designed to fill are subject to rapid and unpredictable change." *Id.* (quoting *Foulger v. Foulger*, 626 P.2d 412, 414 (Utah 1981)). In *Haslam*, the court held that the burden of showing such a change of circumstances was met where the wife had obtained employment subsequent to the divorce, her income had increased substantially, and the husband had retired and his income was about the same as at the time of the divorce. *Id.*

■ In this case, defendant conceded that he had the economic ability to continue paying alimony. Therefore, the question before us is whether there was a sufficient material change in plaintiff's economic circumstances to justify the termination of alimony. At the time of the divorce, the parties had a family income of about $30,-000 per year, consisting solely of defen-

dant's salary, to provide for a family of four. In contrast, by the time of the hearing on the petition for modification, approximately twenty-two years later, plaintiff had income from salary and other sources of approximately $22,000 per year, to support herself only. She also had accumulated substantial assets. We find no abuse of discretion in the trial court's finding that this constituted a substantial change in circumstances. The appropriate test to determine whether the termination in alimony was appropriate is whether plaintiff is now able to provide for herself a standard of living which is equal to that enjoyed during the marriage of the parties. We conclude that there is substantial evidence supporting the court's finding that plaintiff can now live at a level which is at least equal to that enjoyed during the marriage. Therefore, the court did not err in terminating alimony. Concomitantly, there was no error in denying an increase in alimony, as the purpose of alimony is to allow the recipient spouse a standard of living as close as possible to that experienced during the marriage, not to provide subsequent improvements to keep pace with those of the payor spouse.

Plaintiff also claims the court erred by refusing to allow full discovery of defendant's current financial condition. We find no merit in this argument, as defendant conceded that his present income was eight times that at the time of the divorce and that his net worth had increased by forty times, and also had provided tax returns for 1985 and 1986. No purpose would have been served by providing any more detailed information. Plaintiff also claims the court erred in discounting some of her claimed expenses. We find that the court exercised proper discretion in discounting claimed expenses for automobile depreciation, house maintenance, and furniture replacement, as unsupported by the evidence.

Finally, plaintiff claims the court erred by not considering her request for equitable restitution pursuant to this court's decision in *Martinez v. Martinez*, 754 P.2d 69 (Utah Ct.App.1988), *cert.* *granted*, 765 P.2d 1277 (Utah 1988). While we have considerable doubt about the propriety of raising such a claim for the first time in the context of a petition for modification some twenty-two years after the divorce, we affirm the trial court's determination on the basis that the criteria enumerated in *Martinez* are not met in this case. Plaintiff has an advanced degree herself and the court has found that she can now support herself in a manner which is at least comparable to, and probably an improvement over, that experienced during the marriage. *Cf., id.* at 78.

Affirmed.

BILLINGS and BENCH, JJ., concur.