Paul Edmond **HAUMONT, Plaintiff and Appellant,**

v.

**Miche Jean Arnold Evans HAUMONT, Defendant and Appellee.**

No. 880655–CA.

Court of Appeals of Utah.

May 24, 1990.

Kent M. Kasting, Salt Lake City, for plaintiff and appellant.

Patrick H. Fenton, Cedar City, for defendant and appellee.

Before BILLINGS, GARFF and GREENWOOD, JJ.

## OPINION

GARFF, Judge:

Appellant Paul Edmond Haumont appeals the terms of his divorce from appellee Miche Jean Arnold Haumont. We reverse and remand.

Appellant and appellee were married on November 30, 1984, and separated in July 1987. No children were born from their three and one-half year marriage. Both parties had previously been married and divorced.

Appellee brought into the marriage a house located in Nebraska, valued at $59,-000 with a mortgage of $27,000, and a $14,000 IRA. She had three children from her previous marriage, two of whom lived with the parties during their marriage. She received a $750 per month child support payment for the two children and a property settlement payment of $425 per month from her previous husband. Prior to her marriage to appellant, she had also been receiving permanent alimony of $510 per month. Although she was a registered nurse in Nebraska, she did not work during her marriage to appellant. At the time of trial, she had worked for several days as the director of a nursing home in Nebraska for $11.54 per hour. She testified, however, that this job was in jeopardy because of her absence for the trial.

Appellant, who invested in real estate for a living, brought substantial real and personal property into the marriage. During the marriage, additional property was acquired, including the Grand Canyon Motel in Fredonia, Arizona, which appellant purchased from proceeds derived from selling property he owned prior to the marriage. He also sold another previously-acquired piece of property for approximately $16,-000, which proceeds he placed in a joint bank account along with other funds of the parties.

During the marriage, the parties first lived in appellee's Nebraska residence and then, in 1987, attempted to move to appellant's Kanab residence, renting out the Nebraska residence. One of the problems leading to the divorce was the conflict that developed over the location of the parties' home because appellant's business interests were primarily located in Utah and appellee's teenage children had ties to schools and friends in Nebraska which they refused to leave.

Appellant managed the parties' finances during the marriage and commingled appellee's support and property settlement in-

come with his own income, including that derived from the sale of previously-owned properties. He had several bank accounts, all of which appellee had access to and which she used for household expenses. The parties had a high income during the marriage, making $84,038 in 1984, $83,946 in 1985, $124,643 in 1986, and $78,588 in 1987.

On February 5, 1989, the court ordered appellant to pay appellee $1,000 per month in temporary alimony, $1,000 in temporary attorney fees, the utilities on the Kanab residence, and the $515 monthly payment on the Nebraska residence. Appellant complied with this order. Prior to the trial, appellee vacated the Kanab residence and returned to her residence in Nebraska.

The trial was held in Kanab on September 12, 1988. Both parties were present, represented by counsel, and presented evidence concerning their irreconcilable differences, standard of living, premarital property, and respective financial situations. Appellee's counsel proffered an affidavit showing the amount of his attorney fees, which indicated a rate of $120 per hour plus costs.

The trial court found that the parties had irreconcilable differences and awarded a divorce decree to appellee but not to appellant. It found that each party had premarital property and awarded each party his or her own property, with the exception of the Grand Canyon Motel and the $18,000 joint savings account in which appellant had deposited $16,000 from the sale of a piece of property owned by him prior to the marriage. The court ordered appellant to pay appellee $510 per month in permanent alimony, appellee's moving expenses to Nebraska, and $10,000 to apply toward her attorney fees. Appellant subsequently brought this appeal.

On appeal, appellant claims that the trial court erred in: (1) requiring him to pay $510 per month permanent alimony to appellee; (2) granting appellee a one-half interest in the Grand Canyon Motel and the $18,000 bank account; (3) awarding $10,000 in attorney fees to appellee; and (4) awarding a decree of divorce on the grounds of irreconcilable differences only to appellee. Appellee requests an award of attorney fees on appeal.

## I. ALIMONY

Appellant argues that he should not be required to pay permanent alimony of $510 per month to appellee because she did not show that she had any financial need for it. He alleges the trial judge awarded alimony to her on the impermissible grounds that appellee had lost $510 per month permanent alimony when she married appellant and, thus, improperly shifted appellee's former husband's obligation to appellant. Appellee defends the award of alimony, stating that the trial court considered appellee's financial needs, and that, in fact, appellee's financial needs and accustomed standard of living indicate that a $510 per month alimony award is insufficient.

Trial courts have broad discretion in awarding alimony. *Osguthorpe v. Osguthorpe*, 791 P.2d 895, 896 (Utah Ct.App. 1990) (per curiam). We will not disturb the trial court's alimony award so long as the trial court exercises its discretion within the standards set by the appellate courts. *Id.*

"The purposes of an alimony award include enabling the receiving spouse to maintain, as nearly as possible, the standard of living enjoyed during the marriage," and preventing him or her from becoming a public charge. *Munns v. Munns*, 790 P.2d 116, 121 (Utah Ct.App. 1990); *see also Noble v. Noble*, 761 P.2d 1369, 1372 (Utah 1988); *Throckmorton v. Throckmorton*, 767 P.2d 121, 124 (Utah Ct.App.1988); *Naranjo v. Naranjo*, 751 P.2d 1144, 1146 (Utah Ct.App.1988). To this end, it is well established that in setting an award of alimony, a trial court must consider the following three factors: (1) the financial condition and needs of the receiving spouse, (2) the ability of the receiving spouse to produce sufficient income for him or herself, and (3) the ability of the responding spouse to provide support. *Munns*, 790 P.2d at 121; *Noble*, 761 P.2d at 1372.

If the trial court considers these factors in setting an award of alimony, we will not disturb its award absent a showing that such a serious inequity has resulted as to manifest a clear abuse of discretion. *Munns,* 790 P.2d at 121. However, in considering these factors, the trial court is required to make adequate factual findings on all material issues, unless the facts in the record are "clear, uncontroverted, and capable of supporting only a finding in favor of the judgment." *Throckmorton,* 767 P.2d at 124 (quoting *Acton v. Deliran,* 737 P.2d 996, 999 (Utah 1987)).

In its findings of fact, the trial court found only that "as a result of said marriage, the Defendant lost alimony in the sum of $510 per month," and that "alimony should be granted in favor of the Defendant and against the Plaintiff in the sum of $510 per month." It made no findings as to appellee's financial condition and needs, appellee's ability to provide support for herself, what standard of living was enjoyed during the parties' marriage, or appellant's ability to provide support. Although there is substantial, controverted evidence in the record as to these factors, the evidence is not necessarily clear nor does it lend itself to a finding *only* in favor of the judgment. Absent adequate findings, we are unable to review the alimony award and, therefore, must reverse and remand for findings and a resetting of the award based upon the required findings. *See Johnson v. Johnson,* 771 P.2d 696, 699–70 (Utah Ct.App.1989); *Throckmorton,* 767 P.2d at 124.

## II. PROPERTY DISTRIBUTION

Appellant claims that the trial court abused its discretion in awarding appellee an interest in two items of property, the Grand Canyon Motel and the $18,000 joint checking account, both of which were acquired during the parties' marriage but from proceeds of property previously owned by appellant. He states that there were no circumstances in the present case which would justify deviation from the general rule that premarital property and its proceeds should be awarded to the party that brought it into the marriage. Appellee defends the trial court's action, alleging that because all the parties' funds were commingled, these properties were jointly-acquired assets. She further justifies the trial court's action on the basis of the parties' differences in earning capacity.

In dividing a marital estate, the trial court has considerable discretion to enter equitable orders concerning property distribution. *Munns v. Munns,* 790 P.2d 116, 119 (Ct.App.1990); *Weston v. Weston,* 773 P.2d 408, 410 (Utah Ct.App.1989). Such orders will not be disturbed so long as the trial court exercises its discretion in accordance with the standards set by this state's appellate courts, *Munns,* 790 P.2d at 119; *Weston,* 773 P.2d at 410, "except where to do so would work a manifest injustice or inequity." *Noble,* 761 P.2d at 1373 (quoting *Pusey v. Pusey,* 728 P.2d 117, 119 (Utah 1986)). The major purpose of a property division, in conjunction with an alimony award, "is to achieve a fair, just, and equitable result between the parties." *Id.*

As a general rule, equity requires that each party retain the separate property he or she brought into the marriage. *Painter v. Painter,* 752 P.2d 907, 908 (Utah Ct.App.1988); *see, e.g., Jesperson v. Jesperson,* 610 P.2d 326, 328–29 (Utah 1980).

There have been cases where this court has not followed the general rule because of unique circumstances.[1] In such instanc-

---

1. In appropriate circumstances, one spouse may be awarded property which the other spouse brought into the marriage. *Naranjo v. Naranjo,* 751 P.2d 1144, 1147 (Utah Ct.App.1988); *see, e.g., Noble,* 761 P.2d at 1373; *Moon v. Moon,* 790 P.2d 52, 56 (Ct.App.1990); *Peterson v. Peterson,* 748 P.2d 593, 595–96 (Utah Ct.App.1988). The rationale behind this exception to the general rule is that "[m]arital property 'encompasses all of the assets of every nature possessed by the parties, whenever obtained and from whatever source derived,'" *Sorensen v. Sorensen,* 769 P.2d 820, 824 (Utah Ct.App.1989) (quoting *Gardner v. Gardner,* 748 P.2d 1076, 1078 (Utah 1988)), and that the trial court may, in the exercise of its broad discretion, divide the property equitably, regardless of its source or time of acquisition. *Noble,* 761 P.2d at 1373. Thus, there is no fixed formula for the distribution of marital property, but, instead, the trial court has the power to

es, appropriate factors for the trial court to consider in including premarital property as part of the marital estate include "the amount and kind of property to be divided, the source of the property, the parties' health, the parties' standard of living and respective financial conditions, their needs and earning capacities, the duration of the marriage, and the relationship the property has with the amount of alimony awarded." *Moon v. Moon*, 790 P.2d 52, 56 (Ct.App. 1990) (footnote omitted); *Naranjo v. Naranjo*, 751 P.2d 1144, 1147–48 (Utah Ct.App. 1988).

To permit appellate review of the trial court's property distribution, just as in the determination of alimony, the distribution must be based upon adequate factual findings. *Munns*, 790 P.2d at 119; *Andersen v. Andersen*, 757 P.2d 476, 479 (Utah Ct. App.1988). Failure to make findings on all material facts is reversible error unless the facts in the record are "clear, uncontroverted and capable of supporting only a finding in favor of the judgment." *Andersen*, 757 P.2d at 479.

■ The trial court found that each party had separate property at the time of their marriage, that the parties had lived together as a married couple for about three and one-half years, and awarded appellant all of his premarital property except for the two disputed items. However, the trial court failed to make any findings as to the source of the disputed properties, whether the assets used to acquire the properties had been commingled,[2] or the parties' standard of living and respective financial conditions, needs, and earning capacities. It did not explain how the award of these properties would aid the parties in readjusting their separate lives to their new circumstances. In fact, the trial court's justification for ordering joint ownership of the Grand Canyon Motel was to force the parties to communicate with each other, rather than to aid them in establishing their separate lives. Because these

issues were substantially controverted on the record, we find that the trial court committed reversible error because of its failure to make adequate findings to support its distribution. We, therefore, reverse and remand for the trial court to make appropriate findings and a property distribution within the parameters set forth in this opinion.

## III. ATTORNEY FEES

■ Appellant maintains that the trial court abused its discretion in ordering him to pay $10,000 of appellee's $12,013.25 attorney fees because appellee failed to present evidence that the fee was either reasonable or necessary. Appellee states that the trial court's award of attorney fees should be upheld because she presented evidence as to her financial need and the amount of the attorney fees incurred, to which appellant agreed.

To recover attorney fees in a divorce action, the moving party must show evidence (1) establishing the financial need of the requesting party, and (2) demonstrating the reasonableness of the amount of the award. *Munns v. Munns*, 790 P.2d 116, 123 (Utah Ct.App.1990); *Asper v. Asper*, 753 P.2d 978, 982 (Utah Ct.App.1988); *Porco v. Porco*, 752 P.2d 365, 368 (Utah Ct. App.1988). In determining the reasonableness of claimed attorney fees, this court has stated:

> Reasonable attorney fees are not measured by what an attorney actually bills, nor is the number of hours spent on the case determinative in computing fees. In determining the reasonableness of attorneys fees, ... [a] court may consider, among other factors, the difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result at-

---

divide property and income so that the parties may readjust their separate lives to their new circumstances as well as possible. *Munns*, 790 P.2d at 119; *Moon*, 790 P.2d at 56; *Weston*, 773 P.2d at 410–11.

2. It is unclear from the record whether the parties held the Grand Canyon Motel in joint tenancy.

tained, and the expertise and experience of the attorneys involved.

*Rasband v. Rasband,* 752 P.2d 1331, 1336 (Utah Ct.App.1988) (quoting *Cabrera v. Cottrell,* 694 P.2d 622, 624–25 (Utah 1985)); *see also Porco,* 752 P.2d at 368.

If either financial need or reasonableness has not been shown, we have reversed awards of attorney fees. *Munns,* 790 P.2d at 123; *see Newmeyer v. Newmeyer,* 745 P.2d 1276, 1280 (Utah 1987); *Asper,* 753 P.2d 982. Furthermore, "[w]here the evidence supporting the reasonableness of requested attorney fees is both adequate and entirely undisputed, ... the court abuses its discretion in awarding less than the amount requested *unless* the reduction is warranted" by one or more of the above factors. *Martindale v. Adams,* 777 P.2d 514, 518 (Utah Ct.App.1989). The trial court must, accordingly, identify such factors on the record and also explain its sua sponte reduction in order to permit meaningful review on appeal. *Id.*

In the present case, the trial court found that appellee had incurred $12,000 in attorney fees and awarded her $10,000 to apply toward it, justifying the reduction of the claimed amount by the statement that "I have a little problem with the amount." Further, appellee only presented evidence as to the amount of her attorney fees. A thorough review of the record indicates that she did not produce evidence indicating the difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result attained, the expertise and experience of the attorney involved, or anything else relevant to the issue of the reasonableness of the claimed fees.

Appellee argues that she did not need to make such a showing because appellant acquiesced in the claimed amount of attorney fees. However, appellant's attorney stated, "we do object to this [affidavit] being attorney fees," but that he "didn't have any problems with Mr. Fenton's [appellee's attorney's] figures" contained in the affidavit. Appellant's attorney also asked Mr. Fenton if he recalled "filing a motion against Mr. Haumont for delinquent alimony when the alimony in fact had been paid[.]" This objection clearly went to the reasonableness of Mr. Fenton's fees. We find no basis for appellee's conclusion that appellant agreed to attorney fees in the amount of $12,000.

The trial court based its award of attorney fees upon inadequate evidence, in that appellee failed to present any evidence whatsoever as to the reasonableness of the fee awarded. It also awarded less than the claimed amount without any reasonable justification. Therefore, we find that it abused its discretion and reverse the award of attorney fees.

## IV. DECREE OF DIVORCE

Appellant objects to the trial court's award of a decree of divorce on the grounds of irreconcilable differences only to appellee and not also to him. He argues that it does not matter which party is at fault in an award of a divorce decree on the grounds of irreconcilable differences, but only that irreconcilable differences exist, and that the court was indicating that he was at fault for the divorce by refusing to grant him an award of divorce.

We agree with appellant. Utah Code Ann. § 30–3–1(3)(h) (Supp.1988) provides that the trial court may grant a divorce on the ground of "irreconcilable differences of the marriage." This language of subsection (h) does not specify the fault of either party. In contrast, several of the other subsections clearly indicate the fault of the defendant as the ground for divorce:

(a) impotency of the defendant at the time of marriage;

(b) adultery committed by the defendant subsequent to marriage;

(c) willful desertion of the plaintiff by the defendant for more than one year;

(d) willful neglect of the defendant to provide for the plaintiff the common necessaries of life;

(e) habitual drunkenness of the defendant;

(f) conviction of the defendant for felony;

and

(g) cruel treatment of the plaintiff by the defendant to the extent of causing bodily injury or great mental distress to the plaintiff....

Utah Code Ann. § 30-3-1(3) (Supp.1988).

■ Where a form of conduct referred to in a statute designates the persons and things to which it refers, "there is an inference that all omissions should be understood as exclusions." Sands, Sutherland Statutory Construction, § 47.23, at 194 (Singer 4th ed.1984). Because subsection (h) does not set forth a specific fault of the defendant, in contrast to these other subsections, we can infer that subsection (h), unlike the other provisions, is intended to be a no-fault provision. Therefore, we conclude that no fault need be proven or inferred from the operation of subsection (h).

Wyoming has a comparable statute. Its supreme court held that the statute "requires proof only of 'irreconcilable differences' to permit the court to award a decree of divorce. It matters not which party was at fault in bringing about the differences which cannot be reconciled. All that is required is that the irreconcilable differences exist." *Grosskopf v. Grosskopf,* 677 P.2d 814, 817 (Wyo.1984).

The trial court here found that irreconcilable differences existed between the parties, but went on to state:

> I do find that Mrs. Haumont had given up her home back there and has moved here and I just feel I should award the decree of divorce to Defendant [Mrs. Haumont], and I do award Defendant the decree of divorce in this matter and I just haven't seen where Mr. Haumont has suffered the problems that he says he's had. [Medical and psychological symptoms requiring treatment.]

■ We find that the court, despite the no-fault language of subsection (h), found that appellant was at fault and, therefore, refused to grant him a decree of divorce. This is improper, given the no-fault language of the statute. We conclude that both parties are entitled to a decree of divorce.

## V. ATTORNEY FEES ON APPEAL

■ Appellee requests that this court remand the case to the trial court for an award of $8,000 in attorney fees on appeal because of her financial need and appellant's time-consuming and obstreperous behavior. She further alleges that she should be awarded attorney fees on the grounds that this is a frivolous appeal. Appellant states that he should not be liable for appellee's attorney fees on appeal because he has been required to seek the assistance of this court in correcting the ' errors committed by the trial court.

We may order either party to pay attorney fees under Utah Code Ann. § 30-3-3 (1989), including attorney fees incurred on appeal. *Ostler v. Ostler,* 789 P.2d 713, 717 (Utah Ct.App.1990); *Bagshaw v. Bagshaw,* 788 P.2d 1057, 1061 (Utah Ct.App.1990).

However, before a court will award attorney fees, the requesting party must show that: (1) he or she is in need of financial assistance, and (2) the fees requested are reasonable. *Bagshaw,* 788 P.2d at 1061. Further, we usually make such an award if the requesting party has prevailed on at least some of the issues he or she has raised on appeal, although under the language of section 30-3-3, we are not absolutely prohibited from making an award to a party who has not prevailed on appeal. *See, e.g., Ostler,* 789 P.2d at 717.

Here, appellee has not prevailed on any of the issues she has brought on appeal. Further, she has not established financial need on the record. In view of these factors, we exercise our discretion and deny appellee attorney fees on appeal.

Reversed and remanded for action consistent with this opinion.

BILLINGS and GREENWOOD, JJ., concur.