Brad Russell CHILDS, Plaintiff
and Appellee,

v.

Heather T. CHILDS, Defendant
and Appellant.

No. 971258–CA.

Court of Appeals of Utah.

Oct. 1, 1998.

Rehearing Denied Dec. 1, 1998.

Randy S. Ludlow, Salt Lake City, for Defendant and Appellant.

Harry Caston, Salt Lake City, for Plaintiff and Appellee.

Before WILKINS, Associate P.J., and JACKSON and ORME, JJ.

## OPINION

WILKINS, Associate Presiding Judge:

Defendant Heather T. Childs appeals the divorce decree granting plaintiff Brad Russell Childs sole legal custody of their three children, denying her request to provide day care to the children, and awarding her "insufficient" alimony and attorney fees. We affirm.

## BACKGROUND

Brad and Heather married on December 14, 1990 and are parents to three children. Alex was born before the marriage in January 1988; however, Brad is not Alex's biological father. During the marriage, Brad and Heather had two children: Patches, born June 1991; and Brooke, born September 1993. Heather never sought child support from Alex's biological father and the biological father never provided support, sought visitation, nor contacted Alex. Brad, however, is the only father Alex has ever known, and both Heather and Brad have represented Brad as Alex's father. Brad treats Alex as his own, and both he and Alex have developed a nurturing father-son relationship. In addition, Brad provided the sole financial support for all three children.

At some time during their marriage, Brad and Heather decided that Brad should legally adopt Alex. After seeking legal advice, they determined that they could not afford the adoption fees because of their limited financial resources. However, they were advised, mistakenly, that Brad could formally adopt Alex by merely putting his name on the birth certificate. Soon after, they amended Alex's birth certificate to show Brad as Alex's father, believing that they had effected a legal, yet inexpensive, adoption.

On March 31, 1995, Brad filed for divorce and requested temporary custody of all three children. Heather filed a Motion for Temporary Custody, requesting custody of and child support for all three children, without asserting that Brad is not Alex's biological father. In September 1995, a custody evaluation recommended joint legal custody, but suggested Brad be awarded primary physical

custody of all three children. In October 1995, Heather filed an Answer and Counterclaim challenging Brad's adoption of Alex and asserting the parental presumption. After a three-day trial in October and November 1996, the trial court entered the divorce decree and awarded Brad sole legal custody of all three children. The trial court concluded that Heather was estopped from asserting the parental presumption. The trial court, however, went on to conclude that, if the presumption applied, Brad had effectively rebutted it. The trial court then awarded Heather temporary alimony of $350 per month, awarded her $1000 in attorney fees, and ordered her to pay child support, one-half of the day care obligation, and one-half of all the medical and educational expenses for the children. Heather appeals.

## STANDARD OF REVIEW

"Trial courts may exercise broad discretion in divorce matters so long as the decision is within the confines of legal precedence." *Whitehead v. Whitehead,* 836 P.2d 814, 816 (Utah Ct.App.1992). Trial courts have broad discretion in making custody determinations, *see Sukin v. Sukin,* 842 P.2d 922, 923 (Utah Ct.App.1992), awarding alimony, *see Haumont v. Haumont,* 793 P.2d 421, 423 (Utah Ct.App.1990), and in awarding attorney fees, *see Rudman v. Rudman,* 812 P.2d 73, 77 (Utah Ct.App.1991). Where the trial court may exercise broad discretion, we presume the correctness of the court's decision absent "manifest injustice or inequity that indicates a clear abuse of ... discretion." *Hansen v. Hansen,* 736 P.2d 1055, 1056 (Utah Ct.App.1987).

## ANALYSIS

Heather challenges the divorce decree on three grounds. First, Heather challenges the trial court's custody determination. She argues that the trial court erred in concluding she was estopped from asserting the parental presumption, that there is insuffi-

cient evidence to support the trial court's decision to award Brad custody of all three children, and that the trial court abused its discretion in denying her request to provide work-related day care for the children. Second, Heather argues the trial court abused its discretion in awarding her only $350 per month in temporary alimony. Third, she argues the trial court abused its discretion in awarding her only $1000 in attorney fees. In addition, she requests attorney fees on appeal.

## I. CUSTODY

### A. Parental Presumption

Heather challenges the trial court's determination that she was estopped from raising the parental presumption regarding Alex. Brad argues that the trial court correctly determined that she was estopped from raising the presumption and also argues that she waived her right to assert the presumption. However, we need not address the issues of estoppel or waiver because, even assuming that the parental presumption applied, the trial court concluded the presumption was rebutted and Heather fails to challenge that conclusion. Therefore, because the parental presumption was effectively rebutted, Brad and Heather stand on "equal footing" for purposes of the custody determination. Next, we address whether there was sufficient evidence to show that it is in the children's best interest that Brad have sole legal custody.

### B. The Children's Best Interest

Heather contends the evidence is insufficient to support the trial court's conclusion that awarding Brad custody of all three children is in their best interest. In *Hutchison v. Hutchison,* 649 P.2d 38, 41 (Utah 1982), the Utah Supreme Court listed several factors which may be considered in determining what is in the child's best interest.[1] In making its custody determination,

---

1. The *Hutchison* court stated:
   Some factors ... relate primarily to the child's feelings or special needs: the preference of the child; keeping siblings together; the relative strength of the child's bond with one or both of the prospective custodians; and, in appropriate cases, the general interest in continuing previously determined custody arrangements where the child is happy and well adjusted. Other factors relate primarily to the prospec-

the trial court must make specific findings regarding the factors relied upon. *See id.* at 42. However, determining the applicability of and weight accorded to these various factors lies solely within the trial court's sound discretion. *See id.* at 41. Therefore, only where the trial court is " 'flagrantly unjust as to constitute an abuse of discretion should the appellate forum interpose its own judgment.' " *Id.* (citations omitted). Although Heather supports her argument by pointing out that Brad works several hours of overtime a week and that she, up until January 1995, had been the primary care provider—we cannot say that these factors show the court's decision to grant Brad custody to be so flagrantly unjust as to amount to an abuse of discretion.

Here, the trial court made specific findings regarding several factors considered in determining the children's best interest. The trial court found that the three children have strong bonds with one another and that it would not be in their best interest to be separated. Furthermore, the children love both parents equally. Both before and after the parties' separation, Brad has provided a stable environment for the children in which they are thriving: Brad is involved with the children's lives, is an appropriate disciplinarian, and is supportive of the children's educational needs and extracurricular activities; he has kept the children well dressed, groomed, and is watchful when they are in his care. In addition, Brad is of sound moral character and is emotionally stable; Brad's desire for custody has been continual and deep in that he adjusted his work schedule so he could be available for the children. Moreover, Brad has maintained regular employment and is better able to provide for the children and, with assistance from his extended family, can provide quality personal and surrogate care for his children.

In comparison, the trial court found Heather to be emotionally abusive to the children. The court heard evidence that Heather regularly degrades and swears at the children, and that she regularly disparages Brad in front of the children. The court found Heather mean, vindictive, uncooperative, emotionally unstable, and likely to prevent Brad from maintaining a healthy relationship with the children if she obtained custody. For instance, she threatened to take the children to Mexico to prevent Brad and his family from seeing the children if Brad was awarded custody. Moreover, the court found Heather's moral character questionable based on her untruthful testimony regarding her extra-marital affair. Finally, the court noted that Heather's work schedule and lifestyle would prohibit her from providing quality personal care to her children.

Based on the record facts, there is sufficient evidence to support the trial court's findings and its determination that the children's interests are best served in Brad's custody.

### C. Day Care

Heather asserts that, pursuant to Utah Code Ann. § 30–3–33(13) (1995), she is entitled to provide all the work-related day care for her children. Therefore, she argues that the trial court abused its discretion by denying her request to provide the necessary day care.

Section 30–3–33 lists "advisory" guidelines "suggested to govern all visitation arrangements between parents." Utah Code Ann. § 30–3–33 (1995). Section 30–3–33(13) advises that "parental care shall be presumed to be better care for the child than surrogate care and the court shall *encourage* the parties to cooperate in allowing the noncustodial parent, if willing and able, to provide child care." *Id.* § 30–3–33(13) (emphasis added). The statute's plain language does not entitle the willing and able noncustodial parent to provide day care. It merely

tive custodians' character or status or to their capacity or willingness to function as parents: moral character and emotional stability; duration and depth of desire for custody; ability to provide personal rather than surrogate care; significant impairment of ability to function as a parent through drug abuse, excessive drinking, or other cause; reasons for relinquished custody in the past; religious compatibility with the child; kinship, including, in extraordinary circumstances, stepparent status; and financial condition.

*Hutchison,* 649 P.2d at 41.

suggests that the trial court encourage such an arrangement based on the presumption that parental care is better. Clearly, section 30–3–33 gives the trial court the discretion based on the facts of each case to determine whether parental day care by the noncustodial parent is appropriate.[2] Therefore, under the facts of this case, we analyze whether the trial court abused its discretion in denying Heather's request to allow her to provide day care for her children.

■ In this case, the trial court denied Heather's request to provide day care for several reasons. The trial court found Heather to be mean, vindictive, uncooperative, emotionally unstable, and unlikely to allow Brad to maintain a healthy relationship with the children. The court found that Heather emotionally and verbally abused the children by regularly degrading the children and making derogatory remarks about Brad in front of the children. In addition, the record shows that in the past, Heather has been uncooperative and unreliable in providing day care for the children. She would often show up late to pick up the children, requiring Brad to make other arrangements, and was often late returning them home. Moreover, the court found Heather's work schedule incompatible with the day care requirements in that she often works afternoons during the time day care would be required. Based on these unchallenged facts, the trial court did not abuse its discretion in denying Heather's request to provide day care.

## II. Alimony

■ Heather argues the trial court awarded her insufficient alimony. Trial courts have broad discretion in making alimony awards. *See Haumont v. Haumont,* 793 P.2d 421, 423 (Utah Ct.App.1990). Therefore, we will not disturb a trial court's alimony award so long as the trial court exercised its discretion within the appropriate legal standards, *see id.,* and " 'supported its decision with adequate findings and conclusions . . .' " *Naranjo v. Naranjo,* 751 P.2d 1144, 1147 (Utah Ct.App.1988) (citations omitted).

Section 30–3–5(7)(a) of the Utah Code codifies four factors trial courts must consider in determining alimony.[3] Trial courts must consider:

(i) the financial condition and needs of the recipient spouse;

(ii) the recipient's earning capacity or ability to produce income;

(iii) the ability of the payor spouse to provide support; and

(iv) the length of the marriage.

Utah Code Ann. § 30–3–5(7)(a)(i)–(iv) (Supp. 1998). Although not required, the court may consider fault in determining alimony. *See id.* § 30–3–5(7)(b) (Supp.1998). If these factors have been considered, " 'we will not disturb the trial court's alimony award unless such a serious inequity has resulted as to manifest a clear abuse of discretion.' " *Watson v. Watson,* 837 P.2d 1, 3 (Utah Ct.App. 1992) (citations omitted).

■ Here, the trial court awarded Heather temporary alimony of $350 per month based, in part, on its findings regarding both parties' financial conditions. The trial court specifically found that Heather earns approx-

---

2. Determining whether the noncustodial parent is entitled under the circumstances to provide day care is part of the trial court's visitation determination. In determining visitation, the trial court gives "highest priority to the welfare of the children over the desires of either parent." *Kallas v. Kallas,* 614 P.2d 641, 645 (Utah 1980). Such determinations are within the trial court's sound discretion. *See Slade v. Dennis,* 594 P.2d 898, 901 (Utah 1979). Accordingly, we will not disturb the trial court's visitation determination absent a showing that the trial court abused its discretion. *See Watson v. Watson,* 837 P.2d 1, 4 (Utah Ct.App.1992).

3. The May 1, 1995 amendment to Utah Code Ann. § 30–3–5 statutorily codified under subsec-

tion (7) the well-established standard for setting alimony. The statute, however, now requires courts to consider four factors—the fourth being the length of the marriage—rather than the three traditionally repeated throughout the long line of alimony cases. *See, e.g., Davis v. Davis,* 749 P.2d 647, 649 (Utah 1988); *Jones v. Jones,* 700 P.2d 1072, 1075 (Utah 1985); *Barnes v. Barnes,* 857 P.2d 257, 262 (Utah Ct.App.1993); *Schindler v. Schindler,* 776 P.2d 84, 90 (Utah Ct.App.1989). Therefore, because the court determined the alimony appropriate to this case in October 1996, we apply the four factor test under section 30–3–5(7).

imately $840 gross per month and that she has reasonable monthly expenses of $1,250. The trial court also found that Brad earns approximately $3,300 gross per month and has reasonable monthly expenses of $2,500. The court found that $350 per month was appropriate considering "the duration of the marriage, [Heather's] excellent health, youth, and ability to improve her capacity to meet her own needs, and her fault in engaging in an extra-marital affair." The trial court's findings clearly show that the trial court considered all four of the required factors and expressly noted factors it considered in limiting the alimony award. Heather, however, does not challenge the trial court's findings or any basis relied upon by the trial court to limit the alimony award. She only argues that $350 is insufficient to meet her needs, but that $500 would be sufficient—without any argument or support for this figure. Because Heather has failed to prove serious inequity in the alimony amount, we cannot say the trial court abused its discretion in awarding her $350 per month.

■■■ Heather also argues that she should have been awarded alimony for a period equivalent to the length of the marriage under Utah Code Ann. § 30–3–5 (Supp.1998). We have reviewed section 30–3–5 and find nothing to support the argument that the trial court is required to award alimony for a period equivalent to the length of the marriage. Therefore, we affirm the trial court's alimony award.

### III. Attorney Fees

■■■ Heather argues the trial court abused its discretion in awarding her only $1,000 for attorney fees. Pursuant to Utah Code Ann. § 30–3–3 (1995), a trial court may award attorney fees in divorce and custody proceedings. The decision to award attorney fees and the amount thereof rests primarily in the sound discretion of the trial court. *See Kerr v. Kerr,* 610 P.2d 1380, 1384 (Utah 1980). However, the trial court must base the award on evidence of the receiving spouse's financial need, the payor spouse's ability to pay, and the reasonableness of the requested fees. *See Bell v. Bell,* 810 P.2d 489, 493 (Utah Ct.App.1991). In this case,

the trial court specifically made all three findings in awarding Heather attorney fees. The trial court found that both parties had incurred "reasonable and necessary attorney fees," that Heather was in need of financial assistance, and that Brad had the ability to pay. The trial court made the required findings, and Heather does not challenge them. Instead, she argues that she should have been awarded more. Under the facts of this case, we cannot say that the amount is unreasonable. Therefore, the trial court did not abuse its discretion in awarding Heather $1000 in attorney fees.

■■■ Heather seeks attorney fees on appeal. In divorce proceedings, when the trial court has awarded attorney fees below to the party who then prevails on the main issues on appeal, we generally award fees on appeal. *See Hall v. Hall,* 858 P.2d 1018, 1027 (Utah Ct.App.1993); *Allred v. Allred,* 835 P.2d 974, 979 (Utah Ct.App.1992). Because Heather does not prevail on any of the issues, we decline her request for attorney fees on appeal.

Affirmed.

JACKSON and ORME, JJ., concur.