2003 UT App 357

Laura BAKANOWSKI, Petitioner
and Appellee,

v.

Paul F. BAKANOWSKI, Respondent
and Appellant.

No. 20020268–CA.

Court of Appeals of Utah.

Oct. 23, 2003.

Frederick N. Green, Green & Berry, Sandy, for Appellant.

David C. Blum, Crippen & Cline LC, and Monica Z. Kelley, Kelley & Kelley LLC, Salt Lake City, for Appellee.

Before Judges BENCH, GREENWOOD, and ORME.

## OPINION

BENCH, Judge:

¶ 1 Paul F. Bakanowski (Husband) appeals from the alimony provisions in a decree of divorce, arguing that the trial court failed to make adequate findings and failed to apply the appropriate test in awarding alimony. Because we agree that the trial court abused its discretion in awarding alimony, we reverse and remand.

## BACKGROUND

¶ 2 Husband and Laura Bakanowski (Wife) were married for approximately 33 years, during which time they were geographically separated from one another for four separate intervals while Wife pursued out-of-state employment. Over the course of the marriage, the parties lived frugally and remained free from debt. They acquired two houses, two automobiles, and a number of savings, retirement, and stock accounts. Wife petitioned for divorce, citing irreconcilable differences.

¶ 3 Before trial, Husband and Wife stipulated to the equal division of the marital estate, with each party receiving assets worth approximately $386,000. At trial, the only issues to be considered were alimony and attorney fees. The trial consisted of written and oral proffers of evidence, and oral arguments from counsel. Evidence presented at trial showed that, at the time of divorce, Wife was working outside of her field for an annual salary of $45,000. Husband was employed as a pharmacist, earning $73,500 annually.

¶ 4 The relevant alimony provisions in the decree of divorce are as follows:

14. The Petitioner seeks alimony of $1,000 per month based on an income-equalizing formula that will place her on substantially equal footing with the Respondent financially. While the Court finds the Petitioner's monthly living expenses of $5,259 inflated, the Court also finds that without alimony, the Petitioner does not have the ability to fund ongoing retirement and investments at the rate of $1,000 per month as the Respondent now has, and the parties cannot have a similar standard of living without an income-equalizing alimony award. Rather than evaluating the Petitioner's monthly budget, the Court finds that ... without alimony, the Petitioner could not enjoy a similar standard of living as the Respondent without spending down marital assets, where the Respondent would not have to do this. The [Respondent] does not dispute this. Moreover, it is well within the Court's equitable powers to order alimony in an amount sufficient to equalize the parties['] standards of living, and by doing so, both will have equal opportunity to preserve their marital assets or spend them down in a manner they alone might choose. Where this is a marriage of long duration and all other assets are divided evenly between the parties, income-equalization is appropriate.

15. The Petitioner has demonstrated a need for alimony in the amount of $1,000 per month, as the cost of equalizing her standard of living to that of the Respondent's exceeds her income by $1,000 per month. The Respondent has the ability to pay alimony in the amount of $1,000 per month as demonstrated by his doing so while he has paid temporary alimony of $1,000 per month.

¶ 5 The trial court awarded Wife $1,000 per month in alimony "for a time equal to the duration of [the] marriage." Husband appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 6 The only issue on appeal is whether the trial court abused its discretion in awarding alimony.[1] Husband challenges the adequacy of the trial court's findings of fact. He also

---

1. Wife also argues that she is entitled to costs and attorney fees on appeal. However, given our disposition of this appeal, Wife is not entitled to costs and attorney fees. *Cf. Baker v. Baker,* 866 P.2d 540, 547 (Utah Ct.App.1993) (supporting the proposition that when fees in a divorce case have been awarded to the prevailing party below who also prevails on appeal, fees will be awarded on appeal).

argues that the trial court overstepped its bounds by awarding Wife what he refers to as "savings alimony," contrary to established case law.

■ ¶ 7 We review a trial court's award of alimony for abuse of discretion. *See Willey v. Willey,* 951 P.2d 226, 230 (Utah 1997). "We will not disturb the trial court's alimony award so long as the trial court exercises its discretion within the standards set by the appellate courts." *Haumont v. Haumont,* 793 P.2d 421, 423 (Utah Ct.App.1990).

## ANALYSIS

■ ¶ 8 Three factors[2] have long been considered, and must always be considered, before awarding alimony: (1) the financial needs and condition of the recipient spouse; (2) the ability of the recipient spouse to provide a sufficient income for himself or herself; and (3) the ability of the payor spouse to provide support. *See Davis v. Davis,* 749 P.2d 647, 649 (Utah 1988) (citing *Jones v. Jones,* 700 P.2d 1072, 1075 (Utah 1985)).[3]

¶ 9 "[I]n considering these factors, the trial court is required to make adequate factual findings on all material issues, unless the facts in the record are 'clear, uncontroverted, and capable of supporting only a finding in favor of the judgment.' " *Haumont v. Haumont,* 793 P.2d 421, 424 (Utah Ct.App.1990) (citations omitted); *see also Howell v. Howell,* 806 P.2d 1209, 1213 (Utah Ct.App.1991) (finding reversible error where trial court failed to make findings on all material issues unless the "pertinent facts in the record

[were] 'clear, uncontroverted, and capable of supporting only a finding in favor of the judgment' " (citation omitted)).

■ ¶ 10 "If the trial court considers these factors in setting an award of alimony, we will not disturb its award absent a showing that such a serious inequity has resulted as to manifest a clear abuse of discretion." *Haumont,* 793 P.2d at 424. However, where a trial court fails to enter specific findings on the needs and condition of the recipient spouse, making effective review of the alimony award impossible, that omission is an abuse of discretion. *See Burt v. Burt,* 799 P.2d 1166, 1170 (Utah Ct.App.1990).

¶ 11 Here, the trial court abused its discretion by failing to enter specific findings on Wife's financial needs and condition, and the pertinent facts in the record are not " 'clear, uncontroverted, and capable of supporting only a finding in favor of the judgment.' " *Howell,* 806 P.2d at 1213 (citation omitted); *Haumont,* 793 P.2d at 424 (citations omitted). The trial court found Wife's "monthly living expenses of $5,259 inflated." "Rather than evaluating the Petitioner's monthly budget," the court determined that, without $1,000 per month in alimony, Wife would not enjoy a similar standard of living as Husband.

¶ 12 The trial court concluded that Wife "has demonstrated a need for alimony in the amount of $1,000 per month, as the cost of equalizing her standard of living to that of [Husband's]." As explained in *Martinez v. Martinez,* 818 P.2d 538 (Utah 1991), "[u]sually the needs of the spouses are assessed in light of the standard of living they had during marriage." *Id.* at 542. Here, the trial

2. The 1995 amendment to Utah Code Ann. § 30-3-5 added a fourth factor—the length of the marriage. A later amendment, effective in 1999, added three additional factors. We refer only to the three original factors specified in *Jones v. Jones,* 700 P.2d 1072, 1075 (Utah 1985), as they are the only factors relevant to the disposition of this appeal.

3. In addition to these, numerous other cases have required findings under the *Jones* factors. *See, e.g., Martinez v. Martinez,* 818 P.2d 538, 542 (Utah 1991); *Gardner v. Gardner,* 748 P.2d 1076, 1081–82 (Utah 1988); *Paffel v. Paffel,* 732 P.2d 96, 100–01 (Utah 1986); *Olson v. Olson,* 704 P.2d 564, 566–67 (Utah 1985); *Kelley v. Kelley,* 2000 UT App 236, ¶ 26, 9 P.3d 171; *Moon v.*

*Moon,* 1999 UT App 12, ¶ 29, 973 P.2d 431; *Childs v. Childs,* 967 P.2d 942, 946 (Utah Ct.App. 1998); *Breinholt v. Breinholt,* 905 P.2d 877, 879–80 (Utah Ct.App.1995); *Cox v. Cox,* 877 P.2d 1262, 1267 (Utah Ct.App.1994); *Rosendahl v. Rosendahl,* 876 P.2d 870, 874 (Utah Ct.App. 1994); *Schaumberg v. Schaumberg,* 875 P.2d 598, 602 (Utah Ct.App.1994); *Willey v. Willey,* 866 P.2d 547, 550 (Utah Ct.App.1993); *Howell v. Howell,* 806 P.2d 1209, 1212 (Utah Ct.App.1991); *Bridenbaugh v. Bridenbaugh,* 786 P.2d 241, 242 (Utah Ct.App.1990); *Burt v. Burt,* 799 P.2d 1166, 1170 (Utah Ct.App.1990); *Haumont v. Haumont,* 793 P.2d 421, 423 (Utah Ct.App.1990); *Petersen v. Petersen,* 737 P.2d 237, 242 (Utah Ct.App. 1987).

court never determined Wife's needs based on the parties' historical standard of living. Instead, the trial court engaged in an effort to simply equalize income. In attempting to equalize the parties' income rather than going through the traditional needs analysis, the trial court abused its discretion. *See Bingham v. Bingham*, 872 P.2d 1065, 1068 (Utah Ct.App.1994) (holding that trial court "should not have awarded plaintiff more than her established needs required, regardless of defendant's ability to pay this excess amount" and remanding "for a reassessment of the alimony award in accordance with the precept that the spouse's demonstrated need must, under *Jones*, constitute the maximum permissible alimony award").

¶ 13 The absence of findings of fact "is a fundamental defect that makes it impossible to review the issues that were briefed without invading the trial court's fact-finding domain." *Acton v. Deliran*, 737 P.2d 996, 999 (Utah 1987). "The findings of fact must show that the court's judgment or decree 'follows logically from, and is supported by, the evidence.'" *Id.* (quoting *Smith v. Smith*, 726 P.2d 423, 426 (Utah 1986)). Here, we cannot say that the court's decree "follows logically from, and is supported by, the evidence." *Smith*, 726 P.2d at 426. This is particularly true when the trial court found Wife's monthly living expenses to be inflated, and then explicitly avoided evaluating her monthly needs and her independent ability to meet those needs. We therefore remand the case so the trial court may enter appropriate findings.

¶ 14 Husband argues that the trial court cannot award Wife what he calls "savings alimony"—alimony used to fund post-divorce savings, investment, or retirement accounts. Savings alimony, Husband claims, "is not a component of [Wife's] 'needs' or the standard of living enjoyed during the marriage" and therefore cannot be part of the alimony determination.

¶ 15 Because this issue is certain to resurface on remand and because the parties cite the inclusion of savings alimony as a recurring topic in alimony disputes, we will address whether savings/retirement deposits may ever be considered as part of the needs analysis in an alimony determination. *See Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 22, 20 P.3d 388 (an appellate court has a duty to point out, and address, issues which may become material on remand even where a separate issue was dispositive to the resolution of the appeal).

¶ 16 While the recipient spouse's need to fund post-divorce savings, investment, or retirement accounts may not ordinarily be factored into an alimony determination, we cannot say that the ability to fund such post-divorce accounts may never be taken into account as part of a needs analysis. The critical question is whether funds for post-divorce savings, investment, and retirement accounts are necessary because contributing to such accounts was standard practice during the marriage and helped to form the couple's marital standard of living. The inclusion of savings deposits as part of the needs analysis in an alimony determination is allowed only under such circumstances. We have previously so held. *See, e.g., Kemp v. Kemp*, 2001 UT App 157, 2001 WL 522413. If, on remand, the trial court determines that savings deposits should be taken into account as part of the needs analysis, then the court's findings must be even more detailed than those in a standard needs analysis because allowing savings to be taken into account is the exception, rather than the rule. *See id.; see also Rudman v. Rudman*, 812 P.2d 73, 76 (Utah Ct.App.1991) (stating "it is essential that the reviewing court clearly understand the findings on which the trial court bases its conclusions").

## CONCLUSION

¶ 17 The trial court abused its discretion by failing to make adequate findings in awarding alimony. We therefore remand for further findings on the financial needs and condition of Wife, consistent with this opinion.

¶ 18 WE CONCUR: PAMELA T. GREENWOOD and GREGORY K. ORME, Judges.